LIBERATORE *v.* MCKEEN, SUPT.

[Cite as Liberatore v. McKeen (1980), 63 Ohio St. 2d 175.]

(No. 79-1633—Decided July 16, 1980.)

*Gold, Rotatori, Messerman & Schwartz Co., L.P.A.,* and *Mr. Robert J. Rotatori,* for petitioner.

*Mr. William J. Brown,* attorney general, *Mr. Randall G. Burnworth* and *Mr. Dain N. DeVeny,* for respondent.

*Per Curiam.* Petitioner contends the trial court and the Court of Appeals abused their discretion in denying an appeal bond.

The record before the trial court indicates that court acknowledged the petitioner "is not likely to again engage in an offensive course of conduct***." Despite this conclusion the trial court denied petitioner's request for an appeal bond because the court's customary practice was to "let the Court of Appeals determine the amount of appeal bond and stay of the execution***."

The Court of Appeals denied the motion by petitioner to set bond pending appeal without stating any reasons for the denial. While absence of any stated reasons for denial of bond does not support the assumption that the Court of Appeals had no grounds for such denial, *Coleman* v. *McGettrick* (1965), 2 Ohio St. 2d 177, we are constrained to look to what was

available to the Court of Appeals to support a denial in view of the requirements of Crim. R. 46(E) and App. R. 8(B).

Respondent's brief filed in the Court of Appeals reviews the arguments made to the trial court opposing the appeal bond upon which the trial court concluded the petitioner was not likely to engage in further criminal conduct. The additional contentions presented in respondent's brief were statements of the prosecutor alleging generally a pattern of criminal conduct by petitioner and assistance to his brother when he was being sought by police. To support these statements the prosecutor appended a transcript of a conversation among friends of the petitioner, which contains four imprecise and vague references to him.

All other risk factors, including petitioner's age (51), his long time residency and home ownership in Cuyahoga County, his activity in community affairs, his responsible employment, lack of any prior criminal record and a six-months' minimum sentence, would ordinarily support release on bond with such conditions as the trial or appellate court would deem appropriate.

The prosecutor's statements plus the transcript are insufficient when considered together with all the positive factors to support a belief of "risk of flight or danger" as required by Crim. R. 46(E)(1).

This court set a bond of $100,000 for release of petitioner pending the final determination of this cause. That bond is now continued during the pendency of petitioner's appeal to the Court of Appeals. The writ of habeas corpus is allowed.

*Writ allowed.*

CELEBREZZE, C. J., HERBERT, W. BROWN and SWEENEY, JJ., concur.

LOCHER and HOLMES, JJ., dissent.

P. BROWN, J., not participating.

LOCHER, J., dissenting.   The writ of habeas corpus, in the instant cause, should be denied because it is not the appropriate remedy. Petitioner incorrectly forwarded this matter to this court by a writ of habeas corpus instead of a writ of mandamus directed to the trial court.

This court, in *Stahl* v. *Shoemaker* (1977), 50 Ohio St. 2d 351, determined that, when extraordinary writs are in question, parties must make their selection of the various writs very carefully and judiciously. In *Stahl, supra,* at page 354, this court succinctly, but aptly, stated that "[h]abeas corpus is not a substitute for appeal or for a mandamus proceeding."

R. C. 2731.01 defines mandamus as follows:

"Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station."

Petitioner, by his own admission, conceded that the trial court refused *in toto* to follow the mandates of Crim. R. 46(E) and, rather, deferred a determination on that issue to the Court of Appeals. In his own memorandum opposing the respondent's motion to dismiss, petitioner stated that "***the Court may construe Petitioner's request for relief as a Petition for Writ of Mandamus."

Upon the rationale propounded by *Stahl, supra,* the petition for a writ of habeas corpus should be denied due to the inappropriateness of the remedy sought.

HOLMES, J., concurs in the foregoing dissenting opinion.