DAPICE *v.* STICKRATH, SUPT.

[Cite as Dapice *v.* Stickrath (1988), 40 Ohio St. 3d 298.]

(No. 88-1821—Submitted December 28, 1988—Decided December 30, 1988.)

*Joseph Dapice, pro se.*

*Anthony J. Celebrezze, Jr.,* attorney general, and *Alexander G. Thomas,* for respondent.

*Per Curiam.* Respondent moves to dismiss because petitioner is lawfully confined by judgment and does not attack the jurisdiction of the court that rendered the judgment. *Stahl* v. *Shoemaker* (1977), 50 Ohio St. 2d 351, 4 O.O. 3d 485, 364 N.E. 2d 286; R.C. 2725.05. For the following reasons, we grant the motion.

This court has not previously addressed, in this type of case, the prohibition against issuing the writ when the petitioner is in custody under process, judgment, or order of a court of record that had jurisdiction to issue the process, judgment, or order.[1] However, in *Coleman* v. *Stobbs* (1986), 23 Ohio St. 3d 137, 23 OBR 292, 491 N.E. 2d 1126, we held that because of R.C. 2725.05, the writ of habeas corpus would not issue for the alleged failure of the Ohio Adult Parole Authority to conduct a final parole revocation hearing within a reasonable period of time for a detainee who was simultaneously being held pursuant to a lawful court order on a new criminal charge and was unable to post the $5,000 bond set by the court. We find the present situation analogous. Petitioner is in custody under a lawful judgment; therefore, the writ cannot be issued.

Petitioner relies on *Liberatore* v. *McKeen* (1980), 63 Ohio St. 2d 175, 17 O.O. 3d 107, 407 N.E. 2d 23, in which this court allowed a writ of habeas corpus and granted bail in similar circumstances after weighing the evidence for and against bail that was available to the trial and appellate courts. That decision did not address the prohibition against issuing the writ when the petitioner is lawfully confined by a court of competent jurisdiction. Today, we decide that that prohibition is applicable to such cases and, by denying the writ, overrule *Liberatore* to the extent that it is inconsistent with this decision.

However, by declining to issue the writ in such cases, we do not foreclose all remedies. Crim. R. 46(E) and (F)[2] clearly indicate that the court *shall*

---

[1] R.C. 2725.05 provides in part:

"If it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ of habeas corpus shall not be allowed. * * *"

[2] Crim. R. 46 provides in part:

"(E) Release after conviction.

"(1) Felony cases. Except when a person has been sentenced to death, a person who has been convicted and is either awaiting sentence or has filed a notice of appeal shall be treated in accordance with * * * [the conditions for pretrial release on bail], unless the judge has reason to believe that no one or more conditions of release will reasonably assure that the person will not flee or pose a danger to any other person or the community. If such a risk of flight or danger is believed to exist, the person may be ordered detained.

"* * *

"(F) Conditions of release; basis. In determining which conditions of release shall reasonably assure appearance, the judge shall, on the basis of available information, take into account the nature and

follow certain procedures and consider certain facts in allowing or denying bail on appeal. Although mandamus normally will not issue to control a court's discretion, *State, ex rel. Sawyer,* v. *O'Connor* (1978), 54 Ohio St. 2d 380, 8 O.O. 3d 393, 377 N.E. 2d 494, it will issue to require a court to exercise its jurisdiction or discharge its mandatory functions. R.C. 2731.03. Hence, in *State, ex rel. Martin,* v. *Corrigan* (1986), 25 Ohio St. 3d 29, 25 OBR 24, 494 N.E. 2d 1128, we issued a writ of mandamus to compel a judge of a court of common pleas to pay assigned counsel, even though the statute granted the judge discretion in setting the amount of the fees.

Moreover, there is no constitutional right to bail on appeal. *Coleman* v. *McGettrick* (1965), 2 Ohio St. 2d 177, 31 O.O. 2d 326, 207 N.E. 2d 552. The right to bail on appeal exists through R.C. 2953.09,[3] App. R. 8, and Crim. R. 46. Crim. R. 46 leaves the ultimate decision within the discretion of the trial and appellate courts.

Accordingly, we grant the motion to dismiss.

*Motion to dismiss granted.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, WRIGHT and H. BROWN, JJ., concur.

DOUGLAS, J., not participating.

---

circumstances of the offense charged, the weight of the evidence against the accused, the accused's family ties, employment, financial resources, character and mental condition, the length of his residence in the community, his record of convictions, and his record of appearance at court proceedings or of flight to avoid prosecution or of failure to appear at court proceedings. * * *"

[3] R.C. 2953.09(A) provides in part:

"(2)(a) If a notice of appeal is filed pursuant to the Rules of Appellate Procedure by a defendant who is convicted in a municipal or county court or a court of common pleas of a felony or misdemeanor under the Revised Code or an ordinance of a municipal corporation, the filing of the notice of appeal does not suspend execution of the sentence or judgment imposed. However, consistent with divisions (A)(2)(b), (B), and (C) of this section, Appellate Rule 8, and Criminal Rule 46, the municipal or county court, court of common pleas, or court of appeals may suspend execution of the sentence or judgment imposed during the pendency of the appeal, and shall determine whether that defendant is entitled to bail and the amount and nature of any bail that is required. Such bail shall at least be conditioned that the defendant will prosecute the appeal without delay and abide by the judgment and sentence of the court.

"(b) The execution of the sentence or judgment imposed for a felony in a capital case may be suspended by a court of common pleas or court of appeals only if good cause is shown, only upon motion of the defendant, and only after notice to the prosecuting attorney of the appropriate county.

"(B) Notwithstanding any provision of Criminal Rule 46 to the contrary, a trial judge of a court of common pleas shall not release on bail pursuant to division (A)(2)(a) of this section a defendant who is convicted of a bailable offense if he is sentenced to imprisonment for life or if that offense is a violation of section 2903.01, 2903.02, 2903.03, 2903.04, 2903.11, 2905.01, 2905.02, 2905.11, 2907.02, 2907.12, 2909.02, 2911.01, 2911.02, or 2911.11 of the Revised Code.

"(C) If a trial judge of a court of common pleas is prohibited by division (B) of this section from releasing on bail pursuant to division (A)(2)(a) of this section a defendant who is convicted of a bailable offense and not sentenced to imprisonment for life, the appropriate court of appeals or two judges of it, upon motion of such a defendant and for good cause shown, may release the defendant on bail in accordance with division (A)(2) of this section."