OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


The State ex rel. Pirman v. Money, Warden, et al.
[Cite as State ex rel. Pirman v. Money (1994),          Ohio
St.3d           .]
Criminal law -- Bail -- "No contact" as a condition for
     granting application for bail pending appeal appropriate
     under Crim.R. 46(C)(2) and (E)(1).
     (No. 93-2347 -- Submitted April 5, 1994 -- Decided July
20, 1994.)
     In Mandamus and Habeas Corpus.
     Cathy Pirman, relator-petitioner, filed a complaint for a
writ of mandamus and/or petition for habeas corpus against
Christine Money, Warden of the Ohio State Reformatory for
Women, and the Eleventh District Court of Appeals of Ohio,
respondents.  On November 25, 1992, Pirman was convicted of one
count of corruption of a minor, [S.D.III], then age
fourteen, and on March 4, 1993, the Lake County Court of Common
Pleas sentenced her to one year in the Ohio State Reformatory
for Women.1   On March 10, 1993, respondent court of appeals
granted Pirman's application for bail pending appeal.  The
appellate court stayed the judgment and sentence of the common
pleas court upon the following conditions:
     "1.  Appellant [Pirman] shall post bond with the Clerk of
the trial court of Lake County in the amount of Seven Thousand
Five-Hundred Dollars ($7,500) cash, ten percent (10%) deposit
may apply.
     "2.  Appellant, Appellant's associates, or Appellant's
family shall have no contact with [S.D.III, J.F., and M.C.]
or any members of their families at any
time during the pendency of this appeal."
     On March 19, 1993, Pirman's defense counsel filed an
application for reconsideration, objecting, on constitutional
grounds, to the second condition of bail, i.e., the "no
contact" provision, which was subsequently overruled by the
court of appeals.
     On August 24, 1993, the state of Ohio filed a motion to
revoke Pirman's appeal bond and stay of execution, which
alleged a violation of the "no contact" condition attached to
Pirman's bond.  No claim or allegation has ever been advanced

in either the trial or appellate courts challenging Pirman's appearance at any proceeding relating to this matter.  On November 15, 1993, the court of appeals revoked Pirman's bond and rescinded its previous suspension of sentence on the basis that "appellant [Pirman] has voluntarily violated the condition of her release that she have no contact with [S.D.III or M.D.]"

Pirman seeks to reinstate bail absent the "no contact condition," and suspend execution of sentence.  Pirman alternatively seeks release from custody.  Respondents filed answers to the complaint and petition, and the parties filed a stipulation of facts.  This matter is before the court on the court of appeals' motion to dismiss and Money's motion for judgment on the pleadings.

Wiles & Richards, Albert L. Purola and Lisa A. Neroda, for relator.
Lee Fisher, Attorney General, and Timothy J. Mangan, Assistant Attorney General, for respondent Christine Money.
Steven C. LaTourette, Lake County Prosecuting Attorney, and Ariana E. Tarighati, Assistant Prosecuting Attorney, for respondent Eleventh District Court of Appeals.

Per Curiam.  Pirman claims that she is entitled to mandamus and/or habeas corpus, alleging that the Eleventh District Court of Appeals acted improperly in setting bond based upon an unauthorized "no contact" condition, and that the appellate court acted without jurisdiction in rescinding her bond based upon such unauthorized condition.  The court of appeals has filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted.  The warden has filed a Civ.R. 12(C) motion for judgment on the pleadings.
The court of appeals' Civ.R. 12(B)(6) motion is improper for two reasons:  (1) generally, Civ.R. 12(B)(6) motions attack the sufficiency of the complaint and may not be used to summarily review the merits of a cause of action in mandamus, State ex rel. Horwitz v. Cuyahoga Cty. Court of Common Pleas, Probate Div. (1992), 65 Ohio St.3d 323, 325, 603 N.E.2d 1005, 1007; and (2) the motion was not timely filed, see S.Ct.R.Prac. VIII, Section 1; Civ.R. 12(B).  Nevertheless, we treat the untimely Civ.R. 12(B)(6) motion as a Civ.R. 12(C) motion for judgment on the pleadings, since such motion "has been characterized as merely a belated Civ.R. 12(B)(6) motion." Nelson v. Pleasant (1991), 73 Ohio App.3d 479, 482, 597 N.E.2d 1137, 1139, citing 4 Anderson, Ohio Civil Practice (1987) 358, Section 152.5.
In considering both motions as Civ.R. 12(C) motions for judgment on the pleadings, we have previously noted that Civ.R. 12(C) motions are also generally improper in mandamus cases because they "call for a decision on the merits of th[e] controversy."  State ex rel. Yiamouyiannis v. Taft (1992), 65 Ohio St.3d 205, 206, 602 N.E.2d 644, 645.  Nevertheless, Yiamouyiannis should be read as disapproving the delaying of the resolution of motions of any kind in election cases, where the necessity of a prompt determination is self-evident.  In applying the Civ.R. 12(C) standard, judgment on the pleadings

may be granted where no material factual issue exists and the moving party is entitled to judgment as a matter of law. McCormac, Ohio Civil Rules Practice (2Ed. 1992) 154, Section 6.31. The determination is restricted solely to the allegations of the pleadings and the nonmoving party is entitled to have all material allegations in the complaint, with all reasonable inferences to be drawn therefrom, construed in her favor as true. Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 165-166, 63 O.O.2d 262, 264, 297 N.E.2d 113, 117; Bennett v. Ohio Dept. of Rehab. & Corr. (1991), 60 Ohio St.3d 107, 108, 573 N.E.2d 633, 635; Burling v. Zeller Corp. (Dec. 27, 1993), Defiance App. No. 4-93-9, unreported. Here, since the material facts are uncontroverted, the resolution of the purely legal issues involved are properly before the court on the Civ.R. 12(C) motions for judgment on the pleadings.

Respondents assert that Pirman's habeas corpus claim is barred by R.C. 2725.05 2 because she was lawfully confined by a court having competent jurisdiction. R.C. 2725.01 provides that "[w]hoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation." Despite the breadth of the foregoing statute, this court has generally limited issuance of the writ so as to preclude review of nonjurisdictional issues. Flora v. Rogers (1993), 67 Ohio St.3d 441, 619 N.E.2d 690; State ex rel. Dotson v. Rogers (1993), 66 Ohio St.3d 25, 607 N.E.2d 453; R.C. 2725.05. However, R.C. 2725.05 should not be construed as controlling the exercise of original jurisdiction in habeas corpus constitutionally granted to courts of appeals and this court. Stahl v. Shoemaker (1977), 50 Ohio St.2d 351, 354, 4 O.O.3d 485, 487, 364 N.E.2d 286, 288; see, also, Whiteside, Ohio Appellate Practice (1993) 134, Section T 10.07 ("[T]he courts of appeals and Supreme Court tend to employ the statutes as guides only or to disregard them altogether, on the ground that the constitutional jurisdiction of the higher courts cannot be controlled by statute.").

We have implicitly recognized that in certain extraordinary circumstances where there is an unlawful restraint of a person's liberty, habeas corpus will lie notwithstanding the fact that only nonjurisdictional issues are involved, but only where there is no adequate legal remedy, e.g., appeal or postconviction relief. See, e.g., Jenkins v. Billy (1989), 43 Ohio St.3d 84, 538 N.E.2d 1045; In re DeFronzo (1977), 49 Ohio St.2d 271, 3 O.O.3d 408, 361 N.E.2d 448; and State v. Bevacqua (1946), 147 Ohio St.20, 33 O.O. 186, 67 N.E.2d 786 (habeas corpus is the proper remedy to raise the claim of excessive bail in pretrial release cases); see, also, In re Petition for Mallory (1985), 17 Ohio St.3d 34, 17 OBR 28, 476 N.E.2d 1045 (habeas corpus lies where probation revocation was premised on a judgment which later became a nullity); In re Fisher (1974), 39 Ohio St.2d 71, 68 O.O.2d 43, 313 N.E.2d 851 (habeas corpus is available to determine whether a person was not afforded counsel and thereby denied due process in noncriminal involuntary civil commitment proceedings where it is the only adequate remedy available for the vindication of the constitutional right of due process).

In Liberatore v. McKeen (1980), 63 Ohio St.2d 175, 17 O.O.3d 107, 407 N.E.2d 23, this court recognized the availability of habeas corpus to challenge the failure to set bail following conviction.  However, in Dapice v. Stickrath (1988), 40 Ohio St.3d 298, 533 N.E.2d 339, we overruled Liberatore and held that an allegation of excessive bail or failure to set bail after a judgment of conviction is not cognizable in habeas corpus because such allegation does not attack the jurisdiction of the court pursuant to R.C. 2725.05 and, unlike pretrial bail, there is no constitutional right to bail pending appeal.  See, also, Lessin v. McFaul (1992), 62 Ohio St.3d 417, 583 N.E.2d 1306.  In Dapice and Lessin, it was held that although habeas corpus was not available, a writ of mandamus would issue to compel compliance with the applicable bail rules following conviction.  We now overrule Dapice and Lessin and hold that habeas corpus is the proper vehicle to challenge excessive bail or refusal to set bail after a judgment of conviction.  In so holding, we emphasize that the "'very nature of the writ [of habeas corpus] demands that it be administered with the initiative and flexibility essential to insure that miscarriages of justice within its reach are surfaced and corrected.'"  Mallory, supra, at 36-37, 17 OBR at 30, 476 N.E.2d at 1048, citing Harris v. Nelson (1969), 394 U.S. 286, 291, 89 S.Ct. 1082, 1086, 22 L.Ed.2d 281, 286.  Therefore, mandamus is no longer available in these cases given the availability of habeas corpus.

Pirman claims that the "no contact" provision is unrelated to the purpose of ensuring appearance and is therefore excessive.  State ex rel. Baker v. Troutman (1990), 50 Ohio St.3d 270, 272, 553 N.E.2d 1053, 1056.  However, Baker was a pretrial bail case which did not involve a challenge to a "no contact" provision.  Although Pirman asserts in her brief that "[t]here is no provision in the Revised Code, nor the Ohio Criminal Rules," which supports a "no contact" condition, Crim.R. 46(C)(2) specifically provides that the court may "[p]lace restrictions on the travel, association, or place of abode of the person during the period of release."  (Emphasis added.)

Moreover, since there is no constitutional right to postconviction bail, the right to such bail exists by virtue of R.C. 2953.09, App.R. 8, and Crim.R. 46.  See, e.g., State ex rel. Faulkner v. State (Sept. 20, 1993), Madison App. No. CA92-11-030, unreported.  R.C. 2953.09(A)(2)(a) provides that a court may grant bail pending appeal consistent with App.R. 8 and Crim.R. 46.  App.R. 8(A) specifies that the "discretionary right of the trial court or the court of appeals to admit a defendant in a criminal action to bail and to suspend the execution of his sentence during the pendency of his appeal is as prescribed by law."

Crim.R. 46(E)(1) provides that in non-capital felony cases such as the case at bar, a person who has been convicted and is either awaiting sentence or has filed a notice of appeal "shall be treated in accordance with the provision of division (C) unless the judge has reason to believe that no one or more conditions of release will reasonably assure that the person will not flee or pose a danger to any other person or the community."  If a risk of flight or danger is believed to

exist, the person "may be ordered detained."  Crim.R. 46(E)(1).  While the preeminent purpose of bail is to "insure that the defendant appears at all stages of the criminal proceedings," see Crim.R. 46(A) and State ex rel. Jones v. Hendon (1993), 66 Ohio St.3d 115, 118, 609 N.E.2d 541, 543-544, Crim.R. 46(E)(1) allows conditions of release related to "danger" to the community "in accordance with the provision of division (C)."  As discussed previously, Crim.R. 46(C)(2) specifies a condition restricting "association" of the convicted felon.  Therefore, even assuming, as the court of appeals seems to readily admit, that its "no contact" condition was "to ensure that petitioner did not pose a danger to others or the community," rather than to ensure her appearance, such condition was appropriate under Crim.R. 46(C)(2) and (E)(1).

Pirman also claims that the "no contact" provision was unconstitutionally vague and overbroad, since it applies not only to her but to her family and "associates" as well.  Although we agree with such assertion since Crim.R. 46(C)(2) allows restrictions only on the association "of the person," cf., also, Akron v. Rowland (1993), 67 Ohio St.3d 374, 618 N.E.2d 138, and further question conditioning Pirman's bond upon the conduct of others, her bond was revoked because she personally violated the "no contact" condition.  Therefore, the condition was not unconstitutional as applied to her.  Consequently, Pirman is entitled to neither habeas corpus nor mandamus relief.

Accordingly, for the foregoing reasons, we treat the court of appeals' Civ.R. 12(B)(6) motion as a Civ.R. 12(C) motion, grant it as well as Money's Civ.R. 12(C) motion, and dismiss the complaint and petition.

Cause dismissed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, F.E. Sweeney and Pfeifer, JJ., concur.

Resnick, J., concurs in judgment only.

FOOTNOTE

1    According to respondent court of appeals' answer, Pirman was actually convicted of two counts of corruption of a minor, but those counts were merged for purposes of sentencing.

2    R.C. 2725.05 provides:  "If it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ of habeas corpus shall not be allowed.***"