BROWN *v.* ROGERS, WARDEN.

[Cite as *Brown v. Rogers* (1995), 71 Ohio St.3d 570.]

(No. 94–2542—Submitted January 10, 1995—Decided March 1, 1995.)

*Bruce Andrew Brown, pro se.*

*Per Curiam.* In *Pirman, supra,* this court held that habeas corpus is the proper action to seek postconviction bail, overruling *Dapice v. Stickrath* (1988), 40 Ohio St.3d 298, 533 N.E.2d 339, and *Lessin v. McFaul* (1992), 62 Ohio St.3d 417, 583 N.E.2d 1306, which had held that habeas corpus was improper because it did not attack the sentencing court's jurisdiction as required by R.C. 2725.05. However, *Pirman* emphasized that habeas corpus will lie "notwithstanding the fact that only nonjurisdictional issues are involved, *but only where there is no adequate legal remedy, e.g., appeal or postconviction relief.*" (Emphasis added.) 69 Ohio St.3d at 593, 635 N.E.2d at 29. Petitioner makes no allegation that he has applied to the court of appeals for bail. App.R. 8(B) states in part:

"Application for release on bail and for suspension of execution of sentence after a judgment of conviction shall be made in the first instance in the trial court. *Thereafter, if such application is denied, a motion for bail and suspension of execution of sentence pending review may be made to the court of appeals or to two judges thereof.*" (Emphasis added.)

Accordingly, petitioner's request for a writ of habeas corpus is premature. He has an adequate remedy at law by way of application to the court of appeals.

*Writ denied.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.