[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 339.]

**BROWN *v*. ROGERS, WARDEN.**

**[Cite as *Brown v. Rogers*, 1995-Ohio-72.]**

*Habeas corpus petition denied for failure to comply with R.C. 2725.04(D).*

(No. 95-579 -- Submitted April 24, 1995 -- Decided June 28, 1995.)

IN HABEAS CORPUS.

———————————

{¶ 1} On November 28, 1994, petitioner, Bruce Andrew Brown, filed a petition in habeas corpus with this court, alleging convictions of numerous counts of grand theft, forgery, uttering, and tampering with records. He alleged further that the convictions resulted because he continued to practice law after being disbarred in New York. The gist of the prayer for relief was that the trial court had unjustly and illegally denied petitioner bail pending appeal. We subsequently dismissed this petition without opinion because petitioner had an adequate legal remedy via application to the court of appeals for bail under App. R. 8 (B). See *Brown v. Rogers* (1995), 71 Ohio St. 3d 570, 645 N.E.2d 1241.

{¶ 2} On March 20, 1995, petitioner filed the present petition for a writ of habeas corpus, alleging essentially the same facts as before, but now also alleging that the court of appeals had denied his application for bail on December 8, 1994. Petitioner attaches to his petition a copy of the journal entry setting forth the sentencing order of the trial court, but does not attach the order of either the trial court or court of appeals denying bail pending appeal.

———————————

*Bruce Andrew Brown, pro se*.

———————————

***Per Curiam.***

**{¶ 3}** In *State ex rel. Pirman v. Money* (1994), 69 Ohio St. 3d 591, 635 N.E.2d 26, we stated that habeas corpus is the proper action to challenge the failure to set bail following conviction, overruling *Dapice v. Stickrath* (1988), 40 Ohio St. 3d 298, 533 N.E.2d 339, which had in turn overruled *Liberatore v. McKeen* (1980), 63 Ohio St. 2d 175, 17 O.O.3d 107, 407 N.E.2d 23. In *Liberatore*, we allowed the writ of habeas corpus and continued an appeal bond. The evidence in that case showed that the court of appeals had denied the request without stating any reasons. We held that "we are constrained to look to what was available to the Court of Appeals to support a denial in view of the requirements of Crim R. 46(E) and App. R. 8(B)." 63 Ohio St.2d at 175-176, 17 O.O.3d at 108, 407 N.E.2d at 24. Finding no credible evidence to warrant denying bail, we allowed it.

**{¶ 4}** However, R. C. 2725.04 (D) states:

"A copy of the commitment or cause of detention of such person shall be exhibited [with the petition], if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear."

**{¶ 5}** In *Bloss v. Rogers* (1992), 65 Ohio St. 3d 145, 602 N.E.2d 602, we stated:

"These commitment papers are necessary for a complete understanding of the petition. Without them, the petition is fatally defective. When a petition is presented to a court that does not comply with R.C. 2725.04 (D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application." 65 Ohio St. 3d at 146, 602 N.E.2d at 602.

**{¶ 6}** Petitioner attached the trial court's sentencing order as Exhibit A to his petition. However, the sentencing order is irrelevant for purposes of the questions presented by this petition--whether the trial court and court of appeals

failed to comply with Crim. R. 46 and/or App. R. 8 (B) by refusing to set bail, or otherwise abused their discretion. Thus, we construe "copy of the commitment or cause of detention" in postconviction bail cases to mean copies of the entries or orders denying bail of the trial and appellate courts, for precisely the reasons stated in *Bloss.* Otherwise, the court in which the habeas corpus petition is filed is left with only self-serving allegations of the petition, when the carefully considered reasons for denying bail may be stated in the entries or orders of the trial and appellate courts. Since petitioner has failed to attach such entries or orders to his petition, we deny the writ.

*Writ denied.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

PFEIFER, J., dissents.

————————————