OPINION
On July 30, 1986, after a jury trial in the Portage County Court of Common Pleas, appellant, Gary Robert Gibson, Jr., was found guilty of: two counts of aggravated robbery with a firearm specification, in violation of R.C. 2911.01(A)(1) (B); felonious assault on a police officer with a firearm specification, in violation of 2903.11(A)(2) 
(B); and having a weapon under disability with a firearm specification, in violation of 2923.13(A)(3) (B). On August 5, 1986, the trial court sentenced appellant to consecutive sentences totaling thirty-seven-and-one-half to eighty-two-and-one-half years of incarceration. We affirmed appellant's sentence and conviction. State v.Gibson (Aug. 19, 1988), Portage App. No. 1738, unreported.
On October 27, 1999, appellant filed a motion for leave to file an untimely petition for postconviction relief and attempted to file a petition for postconviction relief at the same time. In his petition, appellant asserted that he could not demonstrate any facts to show he was unavoidably prevented from filing a timely petition for postconviction relief. Instead, he asserted that his petition should be heard in the interests of justice because of supposed conflicts between Ohio's postconviction statute and federal habeas corpus law. On November 16, 1999, the trial court overruled appellant's petition because of appellant's failure to set forth any reasons why he had not filed the petition in a timely manner.
Appellant raises the following assignment of error:
 "The trial court erred to the prejudice of the appellant when it applied R.C. 2953.21(A)(1)(a) and 2953.23(A)(2) to deny appellant leave to file his postconviction petition out of rule because said statutes are unconstitutional and/or in conflict with prevailing Supreme Court standards governing the exhaustion of federal constitutional claims."
In his sole assignment of error, appellant asserts that the provisions of R.C. 2953.21(A)(1)(a) and 2953.23(A)(2) are either unconstitutional or in conflict with the prevailing United States Supreme Court standards governing the exhaustion of federal constitutional claims in state court proceedings. Appellee counters that we should not address appellant's argument because he did not address his constitutional argument to the trial court. While appellant never argued to the trial court that Ohio's postconviction statute was unconstitutional, he did argue that it conflicted with federal habeas corpus law.[1] We, therefore, will address his assignment of error with regard to whether he is entitled to relief under the argument he presented to the trial court and now to this court.
R.C. 2953.21(A)(2) provides that a petition for postconviction relief must be filed within one hundred eighty days after the date on which the trial transcript is filed in the court of appeals. R.C. 2953.23(A)(1)(a) allows for untimely filing if the petitioner shows that he was unavoidably prevented from discovery of the facts upon which he must rely to present the claim for relief.
In federal habeas claims arising from state criminal actions, a prisoner is precluded from raising issues until he has fully exhausted his state remedies. Castille v. Peoples (1989), 489 U.S. 346, 349,109 S.Ct. 1056, 1059. Under the doctrine of "procedural default," the prisoner is prevented from asserting a claim that could have been brought under a state law because of his failure to comply with state procedures. Harrisv. Reed (1989), 489 U.S. 255, 260-261, 109 S.Ct. 1038, 1042. Federal courts allow two exceptions to procedural default. First, "cause and prejudice," which excuses procedural default if the prisoner can show cause for missing a deadline, e.g. some objective factor like governmental interference, and actual prejudice resulting from the errors of which he complains. McClesky v. Zant (1991), 499 U.S. 467, 494,111 S.Ct. 1454, 1470. Procedural default may also be excused where there exists extraordinary circumstances that have probably caused the conviction of one who is not guilty of the crime, creating a "fundamental miscarriage of justice." Id.
Appellant argues that the Ohio statute is in conflict because neither R.C. 2953.21 nor 2953.23 provide for an exception to the deadline for claims involving a claim for actual innocence. He contends that this conflict limits his ability to raise a claim in a federal habeas petition. Appellant claims that failure to address his petition would be a fundamental miscarriage of justice because of the insufficiency of the evidence supporting his conviction, ineffective assistance of trial counsel and violation of the Double Jeopardy Clause.
Ohio's statute is not in conflict with federal habeas procedures. R.C.2953.23's provision for untimely filing of a petition when unavoidably prevented from discovering facts is similar to the "cause and prejudice" test. The Supreme Court of Ohio has held, similar to the "fundamental miscarriage of justice" exception, that under certain extraordinary circumstances where there is an unlawful restraint of a person's liberty, habeas corpus will lie notwithstanding the fact that only nonjurisdictional issues are involved, but only where there is no adequate legal remedy, e.g., appeal or postconviction relief. State exrel. Pirman v. Money (1994), 69 Ohio St.3d 591, 593, 635 N.E.2d 26. Furthermore, nothing in Ohio law prevents appellant from raising these exceptions in a federal habeas corpus petition, regardless of whether they are authorized in state post-conviction proceedings.
Appellant's assignment of error lacks merit. The judgment of the Portage County Court of Common Pleas is affirmed.
JUDGE ROBERT A. NADER CHRISTLEY, P.J., O'NEILL, J., concur.
[1] Appellant is further precluded from arguing that R.C. 2953.21 is unconstitutional because he failed to include Ohio's Attorney General in the action. See Cicco v. Stockmaster (2000), 89 Ohio St.3d 95,728 N.E.2d 1066.