JOURNAL ENTRY AND OPINION
Relator, Jeffery Woods, has filed a complaint for a writ of habeas corpus through which he seeks release from the Cuyahoga County Jail. Sua sponte, we dismiss the relator's complaint for a writ of habeas corpus.
Initially, we find that the relator has failed to comply with the requirements of R.C. 2725.04(D), which mandates that a copy of the cause of detention be attached to the complaint for a writ of habeas corpus. The complaint for a writ of habeas corpus is thus fatally defective. Brown v. Rogers (1995), 72 Ohio St.3d 339; Cornell v. Schotten (1994),60 Ohio St.3d 466; Bloss v. Rogers (1992), 65 Ohio St.3d 145. In addition, the relator has failed to comply with Loc.App.R. 45(B)(1)(a) which requires that the complaint be supported with an affidavit which specifies the details of his claim. State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga app. No. 70077, unreported; State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported. Finally, the relator has failed to comply with R.C. 2969.25 which requires an affidavit that describes each civil action or appeal filed by the relator within the previous five years in any state or federal court. State ex rel. Zanders v. Ohio Parole Board (1998),82 Ohio St.3d 421; State ex rel. Alford v. Winters (1997),80 Ohio St.3d 285.
Accordingly, we sua sponte dismiss the relator's complaint for a writ of habeas corpus. The Clerk of the Eighth District Court of Appeals shall serve upon all parties notice of this judgment and the date of entry pursuant to Civ.R. 58(B). Costs to relator.
 _______________ ANN DYKE, P.J.
ANNE L. KILBANE, J. AND JAMES J. SWEENEY, J., CONCUR.