JOURNAL ENTRY and OPINION
Appellant Rueben Ross appeals from the trial court's dismissal of his petition for a writ of habeas corpus. Although Ross has completed his term of incarceration and a period of post-release control, he asserts that the trial court erred in dismissing his habeas corpus petition because post-release control sufficiently restrains his freedom so that a writ of habeas corpus is appropriate. Ross names John Kinkela, Chief of the Adult Parol Authority, as respondent, and assigns the following as error for our review:
 THE TRIAL COURT ERRONEOUSLY DISMISSED THE PETITION WHICH SET FORTH A PRIMA FACIE CASE FOR HABEAS RELIEF ON THE GROUNDS THAT MR. ROSS HAS BEEN THE SUBJECT OF POST-RELEASE CONTROL DESPITE NOT HAVING BEEN SUFFICIENTLY ADVISED REGARDING POST-RELEASE CONTROL AT THE TIME OF SENTENCING.
Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
On February 25, 2000, Ross pled guilty to possession of drugs, a fourth degree felony under R.C. 2925.11. The trial court sentenced Ross to six months imprisonment. During the term of his incarceration, Ross claims a prison official informed him that he would be subject to a period of post-release control upon his release. While still incarcerated, Ross filed a petition for a writ of habeas corpus with the Cuyahoga County Court of Common Pleas. Because Ross was incarcerated in Belmont County, the common pleas court dismissed the petition for lack of jurisdiction.
Following his release from prison on August 4, 2000, Ross filed a new petition for a writ of habeas corpus with the Cuyahoga County Court of Common Pleas. He argued that being subjected to post-release control unlawfully restrained his freedom because the trial court had not sentenced him to post-release control. Without opinion, the court dismissed Ross' second petition as well. This appeal follows.
In his assigned error, Ross argues that subjugation to post-release control sufficiently restrains his freedom so that a writ of habeas corpus properly lies even though he is not presently incarcerated. We disagree.
Our standard of review is assessing the propriety of a trial court's denial of a writ of habeas corpus is de novo.[1]
R.C. 2725.01 provides:
 Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation.
Ross contends the broad wording of this statute permits habeas relief because post-relief control is a restraint on his liberties of privacy, association, and travel. Ross's argument fails for two reasons.
First, post-release control does not sufficiently restrain liberty to give rise to habeas relief. A writ of habeas corpus is an extraordinary remedy which is appropriate only if the petitioner is entitled to immediate release from prison or some other type of physical confinement.[2] Ross is not physically confined and is not under anyone's present custody. While we do not deny that post-release control necessarily carries some restraints, these circumstantial and non-custodial restraints do not give rise to habeas relief. To argue that the effects of post-release control equates to confinement applicable to habeas corpus evidences a severe misinterpretation of precedential authority and the historical reasons for habeas relief.
Second, Ross may avail himself of legal remedies other than a habeas writ. Generally, a petition for a writ of habeas corpus must allege that the sentencing court lacked jurisdiction over the petitioner.[3]
However, when a petitioner raises non-jurisdictional issues, a writ of habeas corpus may still lie under certain extraordinary circumstances if no adequate legal remedy exists.[4] Because Ross's argument focuses on the court's failure to impose post-release control at the sentencing hearing rather than his sentencing court's jurisdiction to impose post-release control, Ross's habeas petition will only lie if no other remedy is available. Because other remedies such as direct appeal and post-conviction relief are available, Ross's petition for a writ of habeas corpus is properly denied.
Further, our decision comports with Harrod v. Ulysses Harris and Ohio Adult Parole Authority,[5] a recent First District Appellate decision strikingly similar to the one at hand. In Harrod, the petitioner was subjected to post-release control following a completed term of incarceration despite the sentencing court failing to order post-release control at sentencing.[6] Harrod petitioned for a writ of habeas corpus claiming post-release control is tantamount to confinement, and is thus applicable in his case.[7] The First District denied his petition holding that a writ of habeas corpus is not a proper remedy where the petitioner is not under the actual physical custody of the state yet subject to post-release control.[8] That court also noted that the availability of other remedies, such as appeal, precluded the applicability of habeas relief.[9]
For the foregoing reasons, the trial court did not err in denying Ross's petition for a writ of habeas corpus.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., and TERRENCE O'DONNELL, J., CONCUR.
[1] State ex rel. Scott v. Edwards, 1996 Ohio App. LEXIS 4898 (October 28, 1996), Ross County App. No. 96CA2210, unreported.
[2] State ex rel. Smirnoff v. Greene, (1998), 84 Ohio St.3d 165,167, 702 N.E.2d 423, 425.
[3] State ex rel. Pirman v. Money (1994), 69 Ohio St.3d 591, 593,635 N.E.2d 26, 29, citing Flora v. Rogers (1993), 67 Ohio St.3d 441,619 N.E.2d 690 and State ex rel. Dotson v. Rogers (1993), 66 Ohio St.3d 25,607 N.E.2d 453.
[4] State ex rel. Pirman v. Money, 69 Ohio St.3d at 593,635 N.E.2d at 29. The court cited appeal and post-conviction relief as examples.
[5] 2001 Ohio App. LEXIS 2092 (May 11, 2001), Hamilton County App. No. C-000791, unreported.
[6] Id.
[7] Id. at 3.
[8] Id.
[9] Id. at 5.