OPINION AND JOURNAL ENTRY *Page 2 
{¶ 1} Petitioner, Damion Everett, filed a petition for a writ of habeas corpus on December 13, 2006, arguing that he is being illegally held in prison because he was not given the ability to fully argue a petition for post-conviction relief in the trial court. According to Petitioner, the record is inadequate for appellate review and his only way of raising these issues is in a habeas action. On January 29, 2007, Respondent, Michele Eberlin, Warden of the Belmont Correctional Institution, moved to dismiss the petition, arguing that Petitioner's arguments all could have been raised in either an appeal directly from his conviction or from the denial of his post-conviction petition. We agree with Respondent, so this petition for a writ of habeas corpus is dismissed.
 {¶ 2} On March 17, 1999, Petitioner pled guilty to four counts of trafficking in cocaine and was sentenced to a five year prison term. After his release on January 5, 2004, Petitioner was placed under post-release control. Subsequently, Petitioner was arrested for tampering with evidence and possession of drugs. In September 2004, the Petitioner was sentenced to an additional one year term of imprisonment. After Petitioner was released, he was again placed on post-release control.
 {¶ 3} While Petitioner was under this latest term of post-release control, police searched his residence and discovered cocaine. Accordingly, he was indicted on March 10, 2006, for both possession of cocaine and trafficking in cocaine. Petitioner pled guilty to the charged offenses on March 27, 2006, and was sentenced to five years imprisonment on May 3, 2006.
 {¶ 4} On June 22, 2006, Petitioner filed a petition for a writ of habeas corpus in the Ohio Supreme Court, arguing that the search of his residence was unlawful because he was illegally placed under post-release control. The Ohio Supreme Court dismissed that petition on August 2, 2006, and denied Petitioner's motion for reconsideration on October 4, 2006.
 {¶ 5} On August 23, 2006, Petitioner filed a petition for post-conviction relief in the *Page 3 
trial court. That petition argued that the search of his residence was unlawful since he was illegally placed under post-release control, that had he known this fact, he would not have pled guilty, and that his counsel was ineffective for not moving to suppress that evidence prior to his guilty plea. The State moved to dismiss that petition and the trial court agreed. In an October 27, 2006, entry, the trial court concluded that Petitioner had not presented substantive grounds for relief since, among other things, he had not provided any proof that he was improperly placed on post-release control. Petitioner then filed the petition at issue in this case.
 {¶ 6} We can only grant a writ of habeas corpus in certain extraordinary circumstances of unlawful restraint of a person's liberty where there is no adequate legal remedy. State ex rel. Pirman v.Money, 69 Ohio St.3d 591, 593, 635 1994-Ohio-0208. Habeas corpus is not to be used as a substitute for other forms of action, such as direct appeal. Adams v. Humphreys (1986), 27 Ohio St.3d 43.
 {¶ 7} In this case, all of the issues Petitioner raises in his petition for a writ of habeas corpus could have been raised in an appeal from the denial of post-conviction relief. Accordingly, Petitioner had an adequate legal remedy to raise these issues and is not now entitled to habeas relief. Accordingly, Respondent's motion to dismiss is granted and Petitioner's writ of habeas corpus is hereby dismissed.
 {¶ 8} Costs taxed against Petitioner. Final order.
 {¶ 9} Clerk to serve notice as provided in the Civil Rules.
DeGenaro, J. concurs.
Donofrio, J. concurs.
 Waite, J. concurs. *Page 1