SCHNEIDER, APPELLANT, *v.* CLIPPER, WARDEN, APPELLEE.

[Cite as *Schneider v. Clipper*, 128 Ohio St.3d 299, 2011-Ohio-6.]

*A habeas corpus petition is premature when the petitioner has an adequate remedy in the ordinary course of law by application for postconviction release on bail.*

(No. 2010-1544 — Submitted January 4, 2011 — Decided January 11, 2011.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 95208, 2010-Ohio-3427.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the court of appeals denying the petition of appellant, Joanne Schneider, for a writ of habeas corpus to compel her release from confinement on postconviction bail. Although "habeas corpus is the proper vehicle to challenge excessive bail or refusal to set bail after a judgment of conviction," *State ex rel. Pirman v. Money* (1994), 69 Ohio St.3d 591, 594, 635 N.E.2d 26, a habeas corpus petition is premature when the petitioner has an adequate remedy in the ordinary course of law by application for postconviction release on bail in the trial court or the court of appeals, see *Brown v. Rogers* (1995), 71 Ohio St.3d 570, 571, 645 N.E.2d 1241; App.R. 8(B). When the court of appeals ruled on her habeas corpus petition, Schneider had motions pending in the trial court for the reinstatement and continuation of bond pending appeal. The court of appeals correctly denied the writ of habeas corpus because it was premature. See *Brown,* 71 Ohio St.3d at 571. " 'Like other extraordinary-writ actions, habeas corpus is not available when there is an adequate remedy in the ordinary course of law.' " *Brown v. Bradshaw*, 126 Ohio St.3d 265, 2010-Ohio-

3758, 933 N.E.2d 259, ¶ 1, quoting *In re Complaint for Writ of Habeas Corpus for Goeller*, 103 Ohio St.3d 427, 2004-Ohio-5579, 816 N.E.2d 594, ¶ 6.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Paul Mancino Jr., for appellant.

R. Michael DeWine, Attorney General, and Diane Mallory, Assistant Attorney General, for appellee.

_____