[Cite as *Guy v. Spader Freight Servs., Inc.*, 2014-Ohio-4861.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| Roosevelt Guy, II | Court of Appeals No. L-14-1072 |
| Appellant | Trial Court No. CVF-13-11978 |
| v. | |
| Spader Freight Services, Inc. | **DECISION AND JUDGMENT** |
| Appellee | Decided: October 31, 2014 |

* * * * *

Roosevelt Guy, II, pro se.

Beth A. Wittmann and Kimberly K. Pendrick, for appellee.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Roosevelt Guy, sought an accelerated appeal from the February 13, 2014 judgment of the Toledo Municipal Court granting judgment on the pleadings and dismissing his complaint. For the reasons which follow, we affirm.

**{¶ 2}** Appellant brought suit against appellee asserting a claim of slander. Appellant asserted that after his employment was wrongfully terminated by appellee, he received a letter from appellee dated November 9, 2012. Appellant claimed that appellee maliciously slandered appellant in that letter. In the letter, appellee's attorney stated that she had been employed to represent appellee regarding appellant's threatened racial discrimination lawsuit. She further stated that "you were selected for a random drug test and refused the test as you claimed you were 'not prepared.'" In an earlier letter of September 25, 2012, from appellee to appellant, appellee stated that: "This letter is to confirm that there was miss communication [sic] with your random drug test and it is not a refusal to test." After appellee filed an answer to the complaint, appellant filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C) and appellee filed a cross-motion for judgment on the pleadings.

**{¶ 3}** In its February 13, 2014 judgment, the municipal court found that the statement made by appellee's attorney was made in connection with anticipation of litigation. Therefore, appellee had an absolute privilege against a defamation action, and the court granted appellee's motion for judgment on the pleadings. Appellant sought an appeal from this judgment.

**{¶ 4}** We utilize a de novo standard of review when reviewing a decision on a motion for judgment on the pleadings pursuant to Civ.R. 12(C). *Miller v. Ameritech*, 10th Dist. Franklin No. 00AP-909, 2001 WL 604200, *1 (June 5, 2001). A judgment on

2.

the pleadings is warranted where the plaintiff has failed to allege the material facts necessary to establish that the plaintiff is entitled to judgment as a matter of law. *State ex rel. Pirman v. Money*, 69 Ohio St.3d 591, 592-93, 635 N.E.2d 26 (1994). In ruling on the motion, the trial court must consider only the statements contained in the pleadings. *Workman v. Franklin Cty.*, 10th Dist. Franklin No. 00AP-1449, 2001 WL 988005 *2 (Aug. 28, 2001) (citations omitted).

{¶ 5} Appellant's four assignments of error are interrelated and have been consolidated for our review. Appellant argues that the trial court erred by failing to give appellant the opportunity to explain to the court his intended cause of action. He also argues the court failed to consider that appellee's slanderous statement has been and will be publicly published to potential employers. We find these arguments lack merit.

{¶ 6} The trial court found that the only allegation appellant made in the complaint was that appellee slandered appellant in the November 9, 2012, letter. We agree. The trial court did not err in failing to let appellant clarify his intended claim. When faced with a Civ.R. 12(C) motion for judgment on the pleadings, the trial court could not consider anything other than the complaint itself. The complaint does not include any claim that appellee has ever published the allegedly slanderous statement to a potential employer. The trial court could not have considered any other claims that were not specifically asserted in the complaint. Therefore, all of appellant's assignments of error are found not well-taken.

3.

**{¶ 7}** The judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the court costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.         

                    _____
                                  JUDGE

Arlene Singer, J.         

                    _____
Thomas J. Osowik, J.                         JUDGE
CONCUR.

                    _____
                                  JUDGE

---

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.

---