[Cite as *State v. Sessler*, 2020-Ohio-413.]

STATE OF OHIO )  
)ss:  
COUNTY OF MEDINA )  

IN THE COURT OF APPEALS  
NINTH JUDICIAL DISTRICT  

STATE OF OHIO

    Respondent

    v.

KIRK B. SESSLER

    Petitioner

C.A. No.    20CA0003-M

ORIGINAL ACTION IN  
HABEAS CORPUS

Dated: February 10, 2020

PER CURIAM.

{¶1} Kirk B. Sessler has attempted to petition this Court for a writ of habeas corpus to order his release from custody. Because Mr. Sessler has not complied with the mandatory requirements of R.C. 2725 and R.C. 2969.25, this Court must dismiss the petition.

{¶2} Mr. Sessler filed a handwritten document captioned "State Habeas Corpus" with the Medina County Clerk of Courts. He identified himself as the defendant, using the caption from his criminal case, but failed to name a respondent. He alleged his confinement by the state is unconstitutional and he demanded relief pursuant to Ohio's habeas corpus statute, R.C. 2725.

{¶3} Although Mr. Sessler cited to two statutes in Chapter 2725, which authorizes a court to grant habeas corpus relief, he did not comply with the statutory requirements for filing a petition for writ of habeas corpus. He did not name the person who has confined him, the place of his confinement, or attach a copy of his commitment

papers. R.C. 2725.04(B), (C), and (D). The Ohio Supreme Court has held that because "'commitment papers are necessary for a complete understanding of the petition,'" the omission of commitment papers is a fatal defect. *Brown v. Rogers*, 72 Ohio St.3d 339, 341 (1995), quoting *Bloss v. Rogers*, 65 Ohio St.3d 145, 146 (1992). "When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application." *Brown* at 341, quoting *Bloss* at 146.

{¶4} In addition to other defects with his petition, Mr. Sessler failed to comply with the statutory filing mandate that requires this Court to dismiss this case. R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity. As noted above, Mr. Sessler identified the "State of Ohio" on the cover of his petition, without identifying any other respondent, and in his petition, he challenged his confinement by the state of Ohio, a government entity. Mr. Sessler, incarcerated in the Richland Correctional Institution, is an inmate. R.C. 2969.21(C) and (D). A case must be dismissed if an inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.").

{¶5} Mr. Sessler did not pay the cost deposit required by this Court's Local Rules. He also failed to comply with R.C. 2969.25(C), which sets forth specific

requirements for an inmate who seeks to proceed without paying the cost deposit. Mr. Sessler did not file an affidavit of indigency and he did not file a statement of his prisoner trust account that sets forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier. Thus, Mr. Sessler failed to comply with the mandatory requirements of R.C. 2969.25.

{¶6} Because Mr. Sessler did not comply with the statutory requirements for filing a habeas corpus action, or the mandatory requirements of R.C. 2969.25, the case is dismissed. Costs taxed to Mr. Sessler.

{¶7} The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. Civ.R. 58.

_____
LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

KIRK B. SESSLER, Pro se, Petitioner.