[Cite as *State v. Cole*, 2020-Ohio-1590.]

STATE OF OHIO      )            IN THE COURT OF APPEALS
                        )ss:          NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT   )

STATE OF OHIO

    Respondent                 C.A. No.     29716

    v.

AARON A. COLE              ORIGINAL ACTION IN
                                 HABEAS CORPUS
    Petitioner

Dated: April 22, 2020

---

PER CURIAM.

**{¶1}** Aaron A. Cole has attempted to petition this Court for a writ of habeas corpus to order his release from custody. Because Mr. Cole has not complied with the mandatory requirements of R.C. 2725 or R.C. 2969.25, this Court must dismiss the petition.

**{¶2}** Mr. Cole filed a handwritten document captioned "Petition for Writ of Habeas Corpus" with the Summit County Clerk of Courts. The handwritten petition, filed on April 3, 2020, is similar, but not identical, to the petition he filed a few days before in *State of Ohio v. Cole*, 9th Dist. Summit No. 29713 (filed March 30, 2020). He identified himself as the defendant, using the caption from his criminal case, but failed to name a respondent. He alleged numerous errors in his trial court proceedings and demanded his release and dismissal of his pending criminal case or, in the alternative, a change of venue for his criminal case.

{¶3}    Although Mr. Cole cited to statutes in Chapter 2725, which authorizes a court to grant habeas corpus relief, he did not comply with the statutory requirements for filing a petition for writ of habeas corpus.  He did not name the person who has confined him, the place of his confinement, or attach a copy of his commitment papers.  R.C. 2725.04(B), (C), and (D).  The Ohio Supreme Court has held that because "'commitment papers are necessary for a complete understanding of the petition,'" the omission of commitment papers is a fatal defect.  *Brown v. Rogers*, 72 Ohio St.3d 339, 341 (1995), quoting *Bloss v. Rogers*, 65 Ohio St.3d 145, 146 (1992).  "When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application."  *Brown* at 341, quoting *Bloss* at 146.

{¶4}    In addition to other defects with his petition, Mr. Cole failed to comply with the statutory filing mandate that requires this Court to dismiss this case.  R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity.  As noted above, Mr. Cole identified the "State of Ohio" on the cover of his petition, without identifying any other respondent, and in his petition, he challenged his confinement by the state of Ohio, a government entity.  Mr. Cole, incarcerated in the Summit County Jail, is an inmate.  R.C. 2969.21(C) and (D).  A case must be dismissed if an inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action.  *State ex rel. Graham v. Findlay Mun. Court*,

106 Ohio St.3d 63, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.").

{¶5} Mr. Cole did not pay the cost deposit required by this Court's Local Rules. He also failed to comply with R.C. 2969.25(C), which sets forth specific requirements for an inmate who seeks to proceed without paying the cost deposit. Mr. Cole did not file an affidavit of indigency and he did not file a statement of his prisoner trust account that sets forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier. Mr. Cole also failed to file an affidavit of his prior civil actions. R.C. 2969.25(A). Thus, Mr. Cole failed to comply with the mandatory requirements of R.C. 2969.25.

{¶6} Because Mr. Cole did not comply with the statutory requirements for filing a habeas corpus action, or the mandatory requirements of R.C. 2969.25, the case is dismissed. Costs taxed to Mr. Cole.

{¶7} The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. Civ.R. 58.

_____
LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

AARON A. COLE, Pro se, Petitioner.