[Cite as *Gaston v. Bauders*, 2020-Ohio-2669.]

STATE OF OHIO        )               IN THE COURT OF APPEALS
)ss:             NINTH JUDICIAL DISTRICT
COUNTY OF WAYNE   )

NAOMI GASTON

    Petitioner                   C.A. No.     20AP0001

    v.

MAGISTRATE JERRY BAUDERS, ET      ORIGINAL ACTION IN
AL.                                HABEAS CORPUS

    RESPONDENTS

Dated: April 27, 2020

---

PER CURIAM.

{¶1}   Naomi Gaston has petitioned this Court for a writ of habeas corpus directed to two Wayne County Court of Common Pleas Magistrates and Judge Corey Spitler. It appears that Ms. Gaston's petition focuses on child support orders and her past incarceration for failing to pay support.

{¶2}   For the following reasons, we dismiss the petition sua sponte. Sua sponte dismissal of a petition, without notice, is appropriate only if the petition is frivolous or the claimant obviously cannot prevail on the facts alleged in the petition. *See, e.g., State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, ¶ 7.

{¶3}   Ms. Gaston filed a document captioned, in part, "PETITION NON-STATUTORY WRIT OF HABEAS CORPUS." In the first sentence of her petition, Ms. Gaston alleged that she "is a victim of deprivation of property caused by a void judgment crated in violation of due process * * *." The next ten pages cite United States Supreme

Court decisions related to the federal writ of habeas corpus. The petition includes an allegation that Ms. Gaston "serve[d] time in jail on numerous occasions on a civil matter." She added that she had been imprisoned due to unpaid child support. The complaint also alleges that she has not had a trial by a jury of her peers or been compensated for her property. She also alleged that the "judgment for child support is void because it was issued by a person not a judge * * *." We address her allegations below.

{¶4} First, Ms. Gaston has relied, in part, on the federal statute authorizing a petition for writ of habeas corpus. This Court lacks authority to grant a federal writ of habeas corpus. Section 3(B)(1), Article IV, of the Ohio Constitution grants this Court original jurisdiction to grant a writ of habeas corpus. The requirements for the writ of habeas corpus in Ohio are set forth in R.C. 2725.01 et seq.

{¶5} To be entitled to a State writ of habeas corpus, a party must show that she is being unlawfully restrained of her liberty, R.C. 2725.01, and that she is entitled to immediate release from prison or confinement. *See, e.g., State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, ¶ 10. Ms. Gaston did not allege that she is currently incarcerated and, if she is currently incarcerated, she failed to attach a copy of her commitment papers, a defect that requires dismissal of her petition. *See, e.g., State ex rel. Norris v. Wainwright*, 158 Ohio St.3d 20, 2019-Ohio-4138, ¶ 6.

{¶6} Ms. Gaston also did not name the person who has confined her, the place of her confinement, or attach a copy of her commitment papers. R.C. 2725.04(B), (C), and (D). The Ohio Supreme Court has held that because "'commitment papers are necessary for a complete understanding of the petition,'" the omission of commitment

papers is a fatal defect. *Brown v. Rogers*, 72 Ohio St.3d 339, 341 (1995), quoting *Bloss v. Rogers*, 65 Ohio St.3d 145, 146 (1992). "When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application." *Brown* at 341, quoting *Bloss* at 146. Because Ms. Gaston's petition did not include this required information, her petition for writ of habeas corpus must be dismissed.

{¶7} Second, Ms. Gaston alleges that she has served time in jail in the past for failing to pay child support. The writ of habeas corpus is not available to challenge past incarceration. *See, e.g., State ex rel. Hawkins v. Haas*, 141 Ohio St.3d 98, 2014-Ohio-5196, ¶ 4. Accordingly, she is not entitled to the writ of habeas corpus on this basis.

{¶8} Finally, she has alleged the trial court's orders are void because she did not have a trial by her peers and the order was issued by a person who is not a judge. Habeas corpus is not available where there is an adequate remedy at law. *See, e.g., Drake v. Tyson-Parker*, 101 Ohio St.3d 210, 2004-Ohio-711, ¶ 5. Ms. Gaston's allegations give rise to claims that could have been raised on appeal, so the writ of habeas corpus is not available.

{¶9} Because Ms. Gaston did not comply with the statutory requirements for filing a habeas corpus action, the case is dismissed. Costs taxed to Ms. Gaston.

{¶10} The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. Civ.R. 58.

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

NAOMI GASTON, Pro se, Petitioner.