THE STATE EX REL. JONES ET AL., APPELLANTS,
*v.* HENDON, JUDGE, ET AL., APPELLEES.

[Cite as *State ex rel. Jones v. Hendon* (1993), 66 Ohio St.3d 115.]

---

116

(No. 92–975—Submitted January 5, 1993—Decided April 14, 1993.)

*H. Fred Hoefle,* for appellants.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Christian J. Schaefer,* Assistant Prosecuting Attorney, for appellees.

---

*Per Curiam.* We agree with the court of appeals that the issue decided in *Henneke* and that presented here are not identical, and thus that collateral estopel is inapplicable. See *Goodson v. McDonough Power Equip., Inc.* (1983), 2 Ohio St.3d 193, 2 OBR 732, 443 N.E.2d 978; *Whitehead v. Gen. Tel. Co. of Ohio* (1969), 20 Ohio St.2d 108, 49 O.O.2d 435, 254 N.E.2d 10. However, we disagree with the appellate court that Crim.R. 46(C)(4) vests discretion in a judge to impose a "cash only" bond (*i.e.,* a deposit of cash) to the exclusion of the other forms of bond listed in the rule. Accordingly, for the reasons which follow, we reverse the court of appeals and allow appellants' prayer for a writ of mandamus.

Appellants argue that Section 9, Article I of the Ohio Constitution grants a criminal defendant and his surety the right to post a surety bond to secure the defendant's release, and that the court of appeals' construction of Crim.R.

46(C)(4) must fail under this constitutional provision.[2] Section 9, Article I provides in part that "[a]ll persons shall be bailable by sufficient sureties" in noncapital cases. We have construed this provision as guaranteeing an accused an absolute right to bail in such cases, *Locke v. Jenkins* (1969), 20 Ohio St.2d 45, 49 O.O.2d 304, 253 N.E.2d 757, and to have a surety post bail on his behalf, *State ex rel. Baker v. Troutman* (1990), 50 Ohio St.3d 270, 553 N.E.2d 1053. Appellees argue that the form of bail is not controlled by Section 9, Article I, but by Crim.R. 46 which implements it. They contend that a "cash only" bond is permitted under Crim.R. 46(C)(4), and that its imposition does not violate the above constitutional principles because the accused may enlist the services of a surety to deposit the cash required.

We agree that Section 9, Article I is silent as to the forms which bail may take and that Crim.R. 46(C) vests discretion in the judge to impose any of the five conditions listed in Crim.R. 46(C)(1) to (5) when not satisfied that the preferred conditions of release will reasonably ensure the accused's appearance. However, Crim.R. 46(C)(4) constitutes but a single condition which the judge may impose—the condition of a bond. Once a judge chooses that condition and sets the amount of bond, we find no legitimate purpose in further specifying the form of bond which may be posted. Indeed, the only apparent purpose in requiring a "cash only" bond to the exclusion of the other forms provided in Crim.R. 46(C)(4) is to restrict the accused's access to a surety and, thus, to detain the accused in violation of Section 9, Article I. We found such a practice inappropriate in *State ex rel. Baker v. Troutman, supra,* and reaffirm that finding here.

Accordingly, we find that where a judge imposes a bond as a condition of release under Crim.R. 46(C)(4), the judge's discretion is limited to setting the amount of the bond. Once that amount is set, and the accused exercises his constitutional right to enlist a surety to post bail on his behalf, that being one of the options set forth in Crim.R. 46(C)(4), the clerk of courts must accept a surety bond to secure the defendant's release, provided the sureties thereon are otherwise sufficient and solvent.

Appellees also claim that the court of appeals erred in overruling their motion to dismiss this case. The thrust of appellees' arguments is that

---

2. Appellees argue that we are unable to consider this constitutional argument because appellants did not specifically raise it in the court of appeals. However, the argument is not completely inconsistent with appellants' argument raised there as to Crim.R. 46(C)(4) and is properly before this court. *Republic Steel Corp. v. Cuyahoga Cty. Bd. of Revision* (1963), 175 Ohio St. 179, 23 O.O.2d 462, 192 N.E.2d 47, syllabus ("issues not raised in the lower court and not there tried *and which are completely inconsistent with and contrary to the theory upon which appellants proceeded below* cannot be raised for the first time on review." [Emphasis added.])

appellants-bondsmen lack a sufficient interest to maintain this action. It is settled that a private individual may bring an action in mandamus if such individual has a sufficient beneficial interest in the act sought to be compelled. *State ex rel. Pressley v. Indus. Comm.* (1967), 11 Ohio St.2d 141, 40 O.O.2d 141, 228 N.E.2d 631, paragraph nine of the syllabus. Appellants' interest in nullifying the clerk's existing bond policy and, thereby, being able to continue to write surety bonds under Crim.R. 46(C)(4), is clearly sufficient for them to maintain this action. Cf. *State ex rel. Henneke v. Davis* (1986), 25 Ohio St.3d 23, 25 OBR 19, 494 N.E.2d 1133. Having defined the independent basis for appellants' interest in this matter, we also reject appellees' argument that appellants-bondsmen are in privity with the relator-defendant in the prior habeas proceeding and that that judgment estops appellants from litigating the issues raised here. Further, we conclude that appellants have no adequate remedy in the ordinary course of the law.

Accordingly, we reverse in part the court of appeals' judgment, and allow the writ of mandamus compelling appellee clerk to accept surety bonds in all cases where the condition of bond is imposed under Crim.R. 46(C)(4), provided the sureties thereon are sufficient and solvent.

Having allowed the writ of mandamus, we find it unnecessary to rule on appellants' request for a writ of prohibition.

*Judgment reversed in part*
*and writ allowed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

WRIGHT, J., concurs in judgment only.