The STATE ex rel. COLA,

v.

McFAUL, Sheriff, et al.

[Cite as *State ex rel. Cola v. McFaul* (1996), 109 Ohio App.3d 203.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70154.

Decided Feb. 7, 1996.

204

*Phillip A. Lawrence,* for relator.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, for respondents Sheriff Gerald T. McFaul and Judge Patricia J. Cleary.

JAMES D. SWEENEY, Presiding Judge.

In his petition for habeas corpus Albert Cola alleges that he is president of a corporation which operates a bar which employs go-go dancers. On March 5, 1995, the police arrested one of the dancers. When it was discovered that the dancer was sixteen years old, Cola was indicted on December 5, 1995, for violating R.C. 2907.323, prohibiting use of a minor in nudity-oriented material or performance, a second-degree felony. *State v. Albert Cola,* Cuyahoga C.P. No. Cr. 331023.

Several days later at his arraignment Cola pleaded not guilty, and he promptly posted the $2,500 surety bond. Next, he asserts that he did not receive notice of a pretrial hearing scheduled for January 9, 1996. On January 16, 1996, he received notice of bond forfeiture and appeared the next day at court for that matter. The trial court imposed a $10,000 cash bond. Because Cola could not produce that amount, he was committed to the county jail.

Cola has now properly commenced this habeas corpus action to contest the propriety of the bond. In Ohio habeas corpus is the appropriate remedy to

raise the claim of excessive or inappropriate bail. *In re Gentry* (1982), 7 Ohio App.3d 143, 7 OBR 187, 454 N.E.2d 987; *Jenkins v. Billy* (1989), 43 Ohio St.3d 84, 538 N.E.2d 1045.

■ In the present case the $10,000 cash bond is excessive and inappropriate. In *State ex rel. Jones v. Hendon* (1993), 66 Ohio St.3d 115, 609 N.E.2d 541, the Supreme Court of Ohio held that a trial court may not impose the condition of a "cash only" bond on bail. The court reasoned that requiring a "cash only" bond to the exclusion of other permitted forms of bond would only serve to restrict an accused's access to a surety and would, thus, detain the person in violation of Section 9, Article I of the Ohio Constitution, which provides that "[a]ll persons shall be bailable by sufficient sureties" in noncapital cases. The court accordingly concluded that the trial court judge's discretion in imposing bond is limited to setting the amount of the bond. Once the amount is set the accused may exercise his constitutional right to enlist a surety to post bail on his behalf. Thus, in the present case, the $10,000 cash-only bond is impermissible and as such is vacated by this court. The initial $2,500 cash or surety bond revives into effect as the last appropriate bond issued. The trial court, of course, may reexamine the issue of bail and impose any reasonable, appropriate bond pursuant to Crim.R. 46.

Accordingly, this court grants Cola's petition for habeas corpus and grants relief as follows: the $10,000 cash bond is vacated and the initial $2,500 surety bond is in effect, subject to further order of the trial court. Respondent to pay costs.

*Judgment accordingly.*

BLACKMON and McMONAGLE, JJ., concur.