860

[No. 41036-9-I.    Division One.    August 10, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. GUILLERMINA
BANUELOS, *Appellant*.

*Antonio Salazar*, for appellant.

*K. Garl Long, Prosecuting Attorney*, and *Robin Webb-
Lakey, Deputy*, for respondent.

APPELWICK, J. — It is within the trial court's discretion to order forfeiture of cash bail where the defendant, an alien who does not have legal status in the United States, fails to inform the prosecutor of an impending Immigration and Naturalization Service (INS) action, is deported while released on bail, and therefore does not attend the hearing for which bail is intended to guarantee her appearance.

## Facts

Guillermina Banuelos was charged with two counts of delivery of a controlled substance and one count of possession of a controlled substance with intent to deliver. At Banuelos' arraignment the Skagit County Superior Court scheduled an omnibus hearing and set bail of $10,000 on condition that she not leave Skagit County. An employee of Banuelos' attorney posted her bail. Immediately upon the posting of Banuelos' bail, the Immigration and Naturalization Service transferred her directly from the Skagit County Jail to the immigration holding facility in Seattle. An INS administrative judge ordered Banuelos removed to Mexico, and Banuelos was deported within the week.

Banuelos was in Mexico pursuant to the INS removal order, which prohibited her from legally reentering the United States. She therefore failed to appear for the omnibus hearing on the criminal charge in Skagit County Superior Court. The State noted a Motion to Forfeit Bail Posted and Banuelos' attorney noted a Motion for Order Exonerating Bail. The trial judge ordered the $10,000 cash bail forfeited. This appeal was timely filed.

## Decision

A trial court's decision on forfeiture of bail will be

overturned only upon a showing of abuse of discretion. *State v. O'Day*, 36 Wn.2d 146, 159, 216 P.2d 732 (1950); *State v. Molina*, 8 Wn. App. 551, 507 P.2d 909 (1973). A trial court abuses its discretion only when its exercise of discretion is manifestly unreasonable or based upon untenable grounds or reasons. *State v. Hampton*, 107 Wn.2d 403, 408-409, 728 P.2d 1049 (1986) (*superseded by statute on other grounds*); *Davis v. Globe Mach. Mfg. Co.*, 102 Wn.2d 68, 77, 684 P.2d 692 (1984).

Banuelos concedes that although she had been in the United States for several years, she never had legal status. As such, she was subject to deportation at any time her status was discovered. We are mindful of the timeline of events in this case: Banuelos was arraigned May 8. At arraignment the court set an omnibus hearing for June 5. Six days later, on May 14, an employee of Banuelos' attorney posted cash bail. However, instead of being released Banuelos was immediately put in the custody of the INS, who transported her directly from the Skagit County Jail to the INS holding facility in Seattle. Five days after that, on May 19, the INS held a removal proceeding and ordered Banuelos deported to Mexico. She was removed from the United States within the week.

The record provides no evidence of who informed the INS of Banuelos' status and location. It is clear from the circumstances, however, that in order to have arranged for her transportation directly from the Skagit County Jail, the INS had to know in advance when Banuelos would be released from county custody. There is no evidence that anyone other than Banuelos' attorneys knew the date on which bail would be posted and her release obtained.

The State was not informed until June 5 that Banuelos would not appear for the omnibus hearing scheduled for that day. To explain Banuelos' absence, her attorney submitted Banuelos' declaration attesting to her knowledge that she had never attained legal status in the United States, and attesting to the results of the INS hearing. Although submitted on June 5, the declaration was signed on

May 19. Banuelos and her attorneys, who also represented her in the INS action, knew or should have known on May 14 that she was in INS custody and subject to deportation in the absence of some intervening action. If the State had known of the INS hearing, it would have had an opportunity to intervene in the INS proceeding, request a stay, reschedule the omnibus hearing, or otherwise act to retain the state court's jurisdiction over Banuelos and adjudicate the state criminal charges. Because the State was not informed of the deportation proceedings until after Banuelos was removed from the United States, that opportunity was lost.

The purpose of bail is to ensure that the accused appears before the court at the court's direction. *State v. Ransom*, 34 Wn. App. 819, 822, 664 P.2d 521 (1983). A defendant released on bail has a duty to appear as ordered by the court. Because Banuelos had a duty to appear, it is not unreasonable to require of her the lesser, but affirmative, duty of informing the prosecutor of the impending obstacle which may prevent her from meeting her duty to appear at the omnibus hearing. Banuelos was facing deportation, which would prohibit her from reentering the United States for an extended period of time. The criminal case would remain unresolved unless and until she reentered the country. Should she ever return to Washington, the passage of time between arrest and trial may have significantly impaired the State's ability to present its case. In these circumstances Banuelos had a duty to inform the prosecutor as soon as she had notice of the impending INS action.

A defendant in these circumstances who wished an opportunity to prove his or her innocence would surely notify the prosecutor in order to ensure every opportunity to preserve the court's jurisdiction and resolve the criminal case prior to any removal action. We note that in the absence of a conviction, Banuelos is eligible to apply for

reentry to the United States in five years.[1] A conviction on the drug charges, on the other hand, would have made her permanently ineligible for reentry.[2] In so saying, we do not presume Banuelos' guilt or innocence in the state criminal case. However, had the prosecutor in this case had the opportunity to intervene with the INS and been denied, we may have reached a different result.

Banuelos failed to provide evidence that her removal from the United States was completely involuntary. She failed to inform the prosecutor of her potential removal prior to the INS hearing. Given the totality of the circumstances, it was well within the trial court's discretion to forfeit bail. To hold otherwise would be to establish a rule by which any alien without legal status could escape prosecution with impunity simply by posting bail, which the court would be required to refund when the defendant informed the INS of his or her status and was thereafter deported. Such a rule would provide a "get out of jail free" card for aliens without legal status, an alternative not available to citizens and aliens not subject to deportation. Failure to make court-ordered appearances should have the same consequences for all defendants, regardless of their citizenship or residency status.

The order of the trial court is affirmed.

COLEMAN and BECKER, JJ., concur.

---

[1]An alien who has been deported may not be readmitted to the United States within five years. 8 U.S.C. § 1182(a)(9)(A)(i). The penalty for reentering the United States during that time is imprisonment for up to two years. 8 U.S.C. § 1326(a).

[2]An alien convicted of a felony drug crime is inadmissible. 8 U.S.C. § 1182-(a)(2)(A). An alien violating this reentry prohibition is subject to up to ten years' imprisonment. 8 U.S.C. § 1326(b).