[No. 17279-1-III.   Division Three.   May 25, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. ANITA V. PAUL, *Appellant*.

*Scot D. Stuart,* and *Kelli Kristine Armstrong,* for appellant.

*Richard L. Weber, Prosecuting Attorney,* and *Ralph L. Perkins, Deputy,* for respondent.

SWEENEY, J. — In a criminal prosecution for failure to pay restitution, the court forfeited the defendant's cash bail to offset the debt. When a criminal defendant satisfies bail conditions by appearing for trial, bail may not be forfeited. We therefore reverse.

## FACTS

In 1995, Anita Paul was convicted for first degree theft of public assistance. Her sentence included restitution. When she failed to make payments, she was arrested and brought before the Okanogan County Superior Court on November 7, 1997. She was charged with failing to pay

restitution and with failing to report to her community corrections officer. Bail was set at $2,500. Her parents posted $2,500 cash for her release.

Ms. Paul duly appeared in court on her original trial date of November 13. The matter was continued. She appeared again on December 4, when the matter was heard. Before the hearing, she paid $500 against the 1995 obligation.

Ms. Paul admitted she had made no payments since February 1995. Her counsel asked the court to set payments at $65 a month. The court expressed concern that "that's going to take her forever." The State then suggested that the $2,500 cash bail be forfeited and applied to the restitution. Ms. Paul objected that the bail money was not hers. The court nevertheless forfeited the bail: "The bail is forfeited for restitution. I can forfeit it. It doesn't matter whose it is."

The court then ordered monthly payments of $65 on a total amount owed of $5,613.24 and forfeited the $2,500. In denying Ms. Paul's motion for reconsideration, the court stated that bail posted by a person other than the defendant could be forfeited if it was posted in cash. The court was of the opinion that Ms. Paul's bail served the dual purpose of ensuring her appearance and assuring some relief to the restitution creditor.

## DISCUSSION

*When a criminal defendant satisfies bail conditions, bail may not be forfeited.*

■ The court acted in the erroneous belief that, unlike a bail bond, cash bail creates a fund from which the court has the discretion to make a lump sum payment to financial victims of the underlying offense. The error arises from confusion between a bail bond and cash bail.

■ *Bond.* A person who puts up a bond is a surety who guarantees the appearance of the accused. *In re Marriage of Bralley*, 70 Wn. App. 646, 652-53, 855 P.2d 1174 (1993).

As surety, the bondsman has certain statutory and constitutional rights. *Id.* at 653. The rights of bondsmen are set forth in RCW 10.19. Bail is forfeited if the accused does not appear. And the bondsman is liable. If the bondsman produces the accused within a year of the forfeiture, the court must exonerate the forfeited bond. RCW 10.19.140.

■ ■ *Cash bail.* When the entire amount of bail is put up in cash, there is no need of a surety. The cash itself serves to guarantee the appearance of the accused. The person who puts up the cash is not a bondsman, and RCW 10.19 does not apply. If the defendant does not appear, the cash bail is forfeited. If the defendant is subsequently apprehended, the court has the discretion to vacate the bail forfeiture or not. *Bralley,* 70 Wn. App. at 651. The cash is conclusively presumed to belong to the defendant, regardless of who produced it and holds a receipt. *Id.* at 655.

■ *Appearance discharges bail.* In a criminal case, the sole purpose of bail is to ensure the appearance of the accused. When the accused appears, the conditions of the bail have been fulfilled, and the court must give the money back. *State v. Ransom,* 34 Wn. App. 819, 822-24, 664 P.2d 521 (1983). Bail is not a revenue measure in lieu of fine. *Id.* at 822; *State v. Heslin,* 63 Wn.2d 957, 960, 389 P.2d 892 (1964); *State v. O'Day,* 36 Wn.2d 146, 159, 216 P.2d 732 (1950); *State v. Jackschitz,* 76 Wash. 253, 255, 136 P. 132 (1913).

*No dual purpose.* The court observed that courts sometimes do require the full amount of bail to be deposited in cash when the accused is a serious flight risk. This is true. However, cash bail was not court-ordered in this case. Even if it had been, it was discharged when Ms. Paul appeared. If the State wants bail to serve a dual purpose, it must express such purpose on the record. *Ransom,* 34 Wn. App. at 824. The record here shows that the sole purpose of Ms. Paul's bail was to ensure her appearance before the court. That purpose was satisfied when Ms. Paul appeared and was found guilty. Therefore, the bail was automatically discharged. *Id.* at 823-24.

The court had no power to forfeit bail.

That part of the order modifying the judgment and sentence purporting to forfeit bail is vacated.

KURTZ, A.C.J., and KATO, J., concur.