[No. 20548-7-III.   Division Three.   February 13, 2003.]

THE CITY OF YAKIMA, *Respondent*, v. GLENN JAMES MOLLETT, *Petitioner*.

*John A. Maxwell, Jr.* (of *Meyer, Fluegge & Tenney*) and *John D. Winfrey III*, for petitioner.

*Raymond L. Paolella, City Attorney*, and *Jeffrey R. Cutter, Assistant*, for respondent.

BROWN, C.J. — Article I, section 20 of the Washington Constitution partly provides a criminal defendant "shall be bailable by sufficient sureties." The city of Yakima charged Glenn Mollett with telephone harassment. After he failed to appear for a summons, the Yakima City Municipal Court set Mr. Mollett's bail at $10,100 "cash only." Mr. Mollett unsuccessfully challenged the "cash only" requirement in the Municipal Court, and in his appeal in the Yakima County Superior Court. We granted discretionary review. Mr. Mollett contends "cash only" bail violates CrRLJ 3.2(a) and article I, section 20 of the Washington Constitution. We do not reach the constitutional question because we conclude the court rule, under these circumstances, does not permit cash only bail. Accordingly, we reverse.

## FACTS

On February 1, 2001, the city of Yakima (City) charged Mr. Mollett with two counts of telephone harassment in violation of the Yakima Municipal Code. Having been

served with a summons, Mr. Mollett did not appear at his arraignment hearing in the Yakima City Municipal Court. The Municipal Court ordered a bench warrant and set bail at $10,000 plus $100 warrant fee "cash only." Clerk's Papers (CP) at 47. The City arrested Mr. Mollett on March 13, 2001 and confined him in lieu of $10,100 "cash only" bail. CP at 47. On March 20, Mr. Mollett appeared before the Municipal Court for a bail hearing and requested his bail be made bondable. The Municipal Court denied the request and ordered Mr. Mollett held in lieu of $10,100 "cash only" bail. CP at 47. Linda Mollett posted the $10,100 in bail on April 4, thus effecting Mr. Mollett's release. On April 6, the Yakima County Superior Court dismissed Mr. Mollett's writ of habeas corpus as moot.

On April 9, Mr. Mollett filed a notice of appeal to the Yakima County Superior Court. Mr. Mollett argued " 'cash only' " bail violates article I, section 20 of the Washington Constitution and the applicable court rules. CP at 29.

The superior court denied the appeal and entered consistent findings of fact and conclusions of law. A commissioner of this court granted discretionary review.

## ANALYSIS

■ ■ The issue is whether the trial court erred in interpreting CrRLJ 3.2(a)(5) and (7) to authorize "cash only" bail. Because this issue is dispositive, we do not reach the question of whether our constitution generally permits "cash only" bail.

This case is moot. Mr. Mollett gained his release in early April 2001; therefore, this Court can offer no effective relief. *See In re Det. of Swanson*, 115 Wn.2d 21, 24, 793 P.2d 962, 804 P.2d 1 (1990). But, we will review a moot case that involves "matters of continuing and substantial public interest." *Id.; see also In re Det. of C.W.*, 147 Wn.2d 259, 270, 53 P.3d 979 (2002); *Sorenson v. City of Bellingham*, 80 Wn.2d 547, 558, 496 P.2d 512 (1972). The criteria the reviewing court considers in determining the existence of a

continuing and public interest are: (1) the public or private nature of the question presented, (2) the desirability of an authoritative determination which will provide future guidance to public officers, and (3) the likelihood that the question will recur. *Swanson*, 115 Wn.2d at 24-25 (citing *Dunner v. McLaughlin*, 100 Wn.2d 832, 838, 676 P.2d 444 (1984)).

The proper form of bail is a matter of continuing and substantial public interest. The lack of applicable case law in Washington and the record below illustrate a need to provide judicial guidance on this issue. And the problem is likely to recur given the busy criminal dockets in this division. Accordingly, it is appropriate to review the merits of Mr. Mollett's appeal. *See State v. Brooks*, 604 N.W.2d 345, 348 (Minn. 2000) ("we reach the merits of his [moot] case because cash only bail orders are capable of repetition, likely to evade judicial review, and an issue of statewide significance.").

We further note Mr. Mollett opens with a constitutional theory that later overlaps much of his court rule argument. We first address the court rule argument to decide if we can resolve the matter without addressing the constitutional issue. *See State v. Hall*, 95 Wn.2d 536, 539, 627 P.2d 101 (1981) (noting an appellate court will avoid a constitutional issue if it can find any other basis for its decision).

The application of a court rule to a particular set of facts is a question of law, reviewed de novo. *Wiley v. Rehak*, 143 Wn.2d 339, 343, 20 P.3d 404 (2001). "When interpreting court rules, the court approaches the rules as though they had been drafted by the Legislature." *State v. Greenwood*, 120 Wn.2d 585, 592, 845 P.2d 971 (1993) (citing *State v. McIntyre*, 92 Wn.2d 620, 622, 600 P.2d 1009 (1979)). Accordingly, we will apply rules of statutory interpretation in examining CrRLJ 3.2(a). *See id.* (interpreting CrR 3.3).

CrRLJ 3.2(a) partly states:

> The court shall impose the least restrictive of the following conditions that will reasonably assure that the accused will be

present for later hearings, will not significantly interfere with the administration of justice and not pose a substantial danger to others or the community or, if no single condition gives that assurance, any combination of the following conditions:

(1) Place the accused in the custody of a designated person or organization agreeing to supervise the accused;

(2) Place restrictions on the travel, association, or place of abode of the accused during the period of release;

(3) Require the execution of an unsecured bond in a specified amount;

(4) Require the execution of a bond in a specified amount and the deposit in the registry of the court in cash or other security as directed, of a sum not to exceed 10 percent of the amount of the bond, such deposit to be returned upon the performance of the conditions of release or forfeited for violation of any condition of release;

(5) Require the execution of a bond with sufficient solvent sureties, or the deposit of cash in lieu thereof;

(6) Require the accused to return to custody during specified hours; or

(7) Impose any condition other than detention deemed reasonably necessary to assure appearance as required, assure noninterference with the trial and reduce danger to others or the community.

The superior court reasoned CrRLJ 3.2(a)(5) and (7) authorized "cash only" bail.

CrRLJ 3.2(a) sets forth release conditions that vary in severity. The least restrictive bail provision is an unsecured bond in a specific amount. CrRLJ 3.2(a)(3). A more restrictive provision is a bond, apparently unsecured, in a specific amount accompanied by a deposit "in cash or other security" of a sum not exceeding 10 percent of the face value of the bond. CrRLJ 3.2(a)(4). Another restrictive provision is a surety bond in a specified amount, "or the deposit of cash in lieu thereof." CrRLJ 3.2(a)(5). The final provision permits the court to impose "any condition other than detention." CrRLJ 3.2(a)(7).

The City argues CrRLJ 3.2(a)(5) authorizes "cash only" bail. Mr. Mollett contends otherwise, partly relying on *State ex rel. Jones v. Hendon*, 66 Ohio St. 3d 115, 609 N.E.2d 541 (1993). *Hendon* is instructive because it interpreted an Ohio court rule authorizing the trial court to " '[r]equire the execution of a bail bond with sufficient solvent sureties, or the execution of a bond secured by real estate in the county, or the deposit of cash or the securities allowed by law in lieu thereof.' " *Hendon*, 609 N.E.2d at 542 n.1 (quoting OHIO CRIM. R. 46(C)(4)). The Ohio court rejected the State's argument that the rule authorized a "cash only" bond, reasoning in part the rule "constitutes but a single condition which the judge may impose—the condition of a bond." *Hendon*, 609 N.E.2d at 544. "Once a judge chooses that condition and sets the amount of bond, we find no legitimate purpose in further specifying the form of bond which may be posted." *Id*. The *Hendon* court further reasoned that the result of "cash only" bail would be to "restrict the accused's access to a surety" in violation of the Ohio Constitution. *Id*. Ohio's Constitution "provides in part that '[a]ll persons shall be bailable by sufficient sureties' in noncapital cases." *Id*. 609 N.E.2d at 543 (quoting OHIO CONST. art. I, § 9).

■ The City contends *Hendon* "essentially eviscerated the options available to a judge" in making bail determinations. Respondent's Br. at 22. To the contrary, we find *Hendon* persuasive. CrRLJ 3.2(a) sets forth separate and discrete conditions of release. CrRLJ 3.2(a)(5) sets forth a single condition, a bond, "or the deposit of cash in lieu thereof." The "deposit of cash" clause is an option the trial court may order, but not to the exclusion of the bond. The City reads the "deposit of cash" clause as wholly independent. But when CrRLJ 3.2(a) is read in its entirety, it is more reasonable to interpret the "deposit of cash" clause as an option the trial court may order along with the primary condition of a bond. If the rule drafters intended to authorize "cash only" bail, they could have easily set it out as a discrete condition of release. Accordingly, we conclude

CrRLJ 3.2(a)(5) does not authorize "cash only" bail to the exclusion of a bond.

The City further argues, and the superior court agreed in its conclusions of law, that the broad "any condition" language of CrRLJ 3.2(a)(7) authorizes "cash only" bail. But CrRLJ 3.2(a)(7) authorizes "any condition *other than detention*." (Emphasis added.) It would be inconsistent with the rule for the trial court to impose "cash only" bail knowing the defendant probably lacked the means to pay it. *See Hendon*, 609 N.E.2d at 544 (reasoning "the only apparent purpose in requiring a 'cash only' bond to the exclusion of the other forms provided in [the rules] is to restrict the accused's access to a surety and, thus, to detain the accused in violation of [the State Constitution]"); *see also Brooks*, 604 N.W.2d at 353 (noting "cash only bail orders can be used to deny bail to those accused who have other means of providing sufficient surety").[1]

And such an application of CrRLJ 3.2(a)(7) would also be inconsistent with the purposes underlying the rules of securing "simplicity in procedure, fairness in administration, effective justice, and the elimination of unjustifiable expense and delay." CrRLJ 1.2. It is more likely the rule drafters would have set forth a separate subsection specifically authorizing "cash only" bail if that were their intent.

The City relies also on two Washington Court of Appeals decisions. *State v. Paul*, 95 Wn. App. 775, 976 P.2d 1272 (1999); *In re Marriage of Bralley*, 70 Wn. App. 646, 855 P.2d 1174 (1993). Both cases involve cash bail and they both contain informative discussions of the differences between a surety and bail. *See Paul*, 95 Wn. App. at 777-78; *Bralley*, 70 Wn. App. at 652-54. Neither case broaches the ultimate issue under consideration here, the trial court's authority to

---

[1] In a footnote, Mr. Mollett raises a fleeting equal protection argument based on article I, section 12 of the Washington Constitution and the fourteenth amendment to the United States Constitution. In essence, Mr. Mollett argues "cash only" bail places an undue hardship on low income or indigent defendants. Absent more complete and reasoned briefing, we will not delve further into this constitutional thicket. *See Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998).

order "cash only" bail. Accordingly, neither *Paul* nor *Bralley* support the City's position on this issue.

In accordance with the foregoing authorities, we reason "cash only" bail is not authorized under CrRLJ 3.2(a). Thus, the remaining issue becomes whether "cash only" bail violates article I, section 20 of the Washington Constitution. In light of our holding thus far, and considering the authorities discussed above, we decline to reach the constitutional issue.

## CONCLUSION

"Cash only" bail is not authorized under CrRLJ 3.2(a)(5) and (7).

Reversed.

SWEENEY and KURTZ, JJ., concur.