O’Donnell, J.,
dissenting.
{¶ 56} I respectfully dissent.
{¶ 57} It baffles me that we are called upon to resolve a question involving the discretion of a trial court judge in setting bail brought by two bail-bond agents who object to the 10 percent cash bond ordered by the court in two consolidated cases seeking writs of mandamus to compel the Wayne County clerk of courts in one case and the Licking County clerk of courts in the other case to accept surety bonds in all cases where bail is set by the court.
{¶ 58} We addressed the matter of cash-only bail in Smith v. Leis, 106 Ohio St.3d 309, 2005-Ohio-5125, 835 N.E.2d 5, and held such bail to be unconstitutional in that it fails to afford an accused the right to bail by sufficient surety. Id. at ¶ 66. My view of that holding is that the purpose of bail is to afford the accused the opportunity to be released pending resolution of the case while affording the public reasonable protection from a substantial risk of serious physical harm and reasonably ensuring the accused’s appearance at scheduled court hearings. See Ohio Constitution, Article I, Section 9 (allowing bail to be denied where a person charged with a felony “poses a substantial risk of serious physical harm to any person or to the community”); State ex rel. Jones v. Hendon, 66 Ohio St.3d 115, 118, 609 N.E.2d 541 (1993) (explaining that the only purpose of cash-only bail is to restrict access to a surety and detain the accused); State ex rel. Baker v. Troutman, 50 Ohio St.3d 270, 272, 553 N.E.2d 1053 (1990) (“Bail ensures appearance”). A determination by a trial court to set a 10 percent cash bond could be interpreted as failing to afford bail by sufficient surety to an accused, but in my view, that issue is not before us.
{¶ 59} It occurs to me that a 10 percent cash bond favors an accused, because upon making all court appearances, the accused may recoup a portion — 90 percent — of the deposited cash. Therefore, it would be to the benefit of the accused to seek the right to post such a bond. But that is not the issue presented *61 in these cases; here, third parties — the bail-bond agents — challenge the type of bail set by the courts.
{¶ 60} The bail-bond agents seek the business opportunity of posting a surety bond to obtain the release from custody of the accused pending the outcome of the court proceedings. Notably, Nevin P. Keim, who works for Woody Fox Bail Bonds, L.L.C., indicated that a surety charges 10 percent of the bail set by the trial court for a bond, but none of that money is refunded to the accused if all court appearances are made, compared with 90 percent being refundable on a 10 percent cash bond. Further, upon the failure of the accused to appear for a court proceeding, the court would be able to demand that the surety either pay the entire bond amount or apprehend the accused, and the bondsman would then have the authority to pursue the accused in manners and ways denied even to law enforcement agents. But here, the court is not the party seeking to have the accused post a surety bond to guarantee the appearance of the accused at all court proceedings.
{¶ 61} Resolution of this matter requires common sense and a case-by-case determination of what best suits the objectives of setting bail in the first instance. A blanket one-size-fits-all rule will not meet the goals of setting bail, and when hidden agendas find their way into the administration of justice, injustice most often results.
{¶ 62} To be entitled to writs of mandamus in this case, the relators have the duty to establish that they have a clear legal right to post a surety bond in lieu of a 10 percent cash bond, a clear legal duty on the part of the court clerks to accept that bond, and the lack of an adequate remedy in the ordinary course of the law. See State ex rel. Waters v. Spaeth, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6.
{¶ 63} In my view, bondsmen have no clear legal right to post a surety bond for another in the first instance — the right to bail belongs to the person accused of a ci'ime. I am persuaded that the proper procedure in a ease of this distinction is for the accused to move the court for an alternate form of bail and upon denial, to seek review of the discretion exercised by the court in setting bail by filing a complaint for a writ of habeas corpus. See State ex rel. Pirman v. Money, 69 Ohio St.3d 591, 594, 635 N.E.2d 26 (1994) (explaining that a writ of habeas corpus is the proper remedy for a claim of excessive bail and that “mandamus is no longer available in these cases given the availability of habeas corpus”).
{¶ 64} Because the parties seeking the writs have no clear legal right to the relief they seek, because an adequate remedy at law exists by way of a motion by an accused to modify the type of bail, and because the proper remedy to challenge excessive bail is by the accused’s filing a complaint for a writ of habeas corpus, in my view this case is procedurally flawed and relators have failed to *62 prove entitlement to writs of mandamus. Accordingly, I would deny the writs in both cases.
Patrick L. Cusma, for relator Anthony Sylvester.
Sprankle Carpenter, L.L.C., and Kendra L. Carpenter, for relators Woodrow L. Fox and Woody Fox Bail Bonds, L.L.C.
Daniel R. Lutz, Wayne County Prosecuting Attorney, and Nathan R. Shaker, Assistant Prosecuting Attorney, for respondent Tim Neal.
Kenneth Oswalt, Licking County Prosecuting Attorney, and Amy Brown Thompson, Assistant Prosecuting Attorney, for respondents Licking County Clerk of Court Gary Walters, Licking County Common Pleas Court Judges David Branstool and Thomas Marcelain, and the Licking County Common Pleas Court.
Wesp/Barwell, L.L.C., Gregory P. Barwell, and Quinn M. Schmiege, urging granting the writs, for amici curiae American Bail Coalition, Accredited Surety & Casualty Company, ACIC, Allegheny Casualty Company, American Contractors Indemnity Company, American Surety, Bail USA, Financial Casualty & Surety, Inc., HCC Surety Group, International Fidelity Insurance Company, Lexington National Insurance Company, Sun Surety Company, and Universal Fire & Casualty Insurance Company.
Michael DeWine, Attorney General, and Kristopher J. Armstrong, Assistant Attorney General, urging denial of the writs for amicus curiae Attorney General.