**FILED**
**MAY 21, 2019**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35841-1-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| EDWARD L. JEGLUM, | ) | |
| | ) | |
| Respondent. | ) | |

LAWRENCE-BERREY, C.J. — Edward Jeglum violated a condition of his cash bail by failing to appear at multiple court hearings. The State requested forfeiture of the cash bail. The trial court reserved ruling on the request. Eventually, Mr. Jeglum pleaded guilty and was sentenced. More than one year later, the trial court denied the State's request. In denying the State's request, the trial court construed existing law as preventing forfeiture of cash bail once an accused reappears in court.

The question before us is whether the trial court abused its discretion by misconstruing existing law. We conclude it did. We hold that if an accused has violated a condition of cash bail, a trial court has discretion to forfeit cash bail even after the accused reappears in court and even after entry of the judgment and sentence.

We reverse and remand this matter to the trial court for it to exercise its discretion to determine whether to forfeit Mr. Jeglum's cash bail and, if so, the appropriate amount.

FACTS

On February 10, 2015, the State charged Edward Jeglum with felony stalking and two misdemeanor counts of violation of a no-contact order. The trial court set bail at $100,000. Mr. Jeglum posted $100,000 cash bail and was warned that failure to appear in court would result in the immediate forfeiture of the bail money.

On August 31, the trial court signed an order modifying Mr. Jeglum's release conditions to allow him to travel to Arizona in November to attend scheduled medical appointments. The order provided that further requests for out-of-state travel would require prior court approval.

On November 30, Mr. Jeglum appeared in court and the court reset his trial readiness hearing to January 20, 2016, and his trial date to February 9, 2016. Mr. Jeglum failed to appear for his January readiness hearing.

On February 17, 2016, the trial court held a hearing to discuss Mr. Jeglum's absence. At the hearing, defense counsel submitted a letter ostensibly signed by a nurse practitioner and a physician stating that Mr. Jeglum was currently residing in a licensed assisted living home and that travel was not recommended. Defense counsel told the

court he had been in contact with the doctor, and the doctor was Mr. Jeglum's primary care physician.

Later, when the State called the telephone number on the letter, the State learned that the number was for a storage unit company. The State requested a warrant and bail forfeiture. The trial court reserved ruling on the State's requests and scheduled a hearing for March 3, for Mr. Jeglum to provide more specific information. The trial court ordered that Mr. Jeglum's doctor be available by telephone to testify at the hearing.

Mr. Jeglum sent a facsimile to the court an hour before the March hearing. Mr. Jeglum confirmed his knowledge of the hearing, but asserted that the doctor who had earlier signed the letter was not his doctor, the doctor had never spoken to him or examined him, and he did not consent to releasing any patient healthcare information. The facsimile made it clear that Mr. Jeglum had committed a fraud on the court.

The trial court granted the State's request for a warrant, but again reserved ruling on the State's request for bail forfeiture. A bail bondsman for Mr. Jeglum's other pending felony matters flew to Arizona, took Mr. Jeglum into custody, and surrendered him to the Chelan County jail.

On March 14, the State once again requested bail forfeiture. The trial court reserved ruling on the State's request, but substantially increased bail.

Mr. Jeglum soon after pleaded guilty and the parties recommended one month in jail. The trial court refused to accept the recommendation and sentenced Mr. Jeglum to nine months in jail. The court explained, "Frankly, Mr. Jeglum, I feel like you have made a mockery of the legal system. You have dragged out these legal proceedings beyond a point that I would have thought would have been possible." Report of Proceedings (3/3/16, 3/14/16, 3/22/16, 1/18/18) (RP) at 57. Once again the court reserved ruling on the State's bail forfeiture request. It directed defense counsel to set a hearing so it could hear from both parties and consider costs incurred by the bondsman in retrieving Mr. Jeglum.

Before the trial court could hear the forfeiture request, Mr. Jeglum filed a declaration of candidacy against the judge. The judge disqualified herself from Mr. Jeglum's case. The State eventually succeeded in removing Mr. Jeglum from the ballot on the basis that he failed to meet the legal requirements to serve as a judge.

In January 2018, a successor judge heard arguments on the State's bail forfeiture request. The court ordered the cash bail to be returned to Mr. Jeglum, citing *State v. Paul*[1] as the controlling case. The court reasoned,

---

[1] 95 Wn. App. 775, 976 P.2d 1272 (1999).

So I think the Court has the discretion to forfeit all or a portion of that cash bail at any time, after [a defendant] fails to appear, but before he shows back up, and has the case resolved.

Once he's shown up—and in this case, he did, eventually—and was sentenced—irregardless of why he showed up, he was here—then I don't believe this Court has any discretion, but must refund the bail money to the defendant.

. . . .

. . . I don't think I have discretion, at this point. I did, up until the time he appeared in court. But, once he appeared, I don't believe the Court has any—any discretion.

RP at 74, 81. The trial court stayed the order 30 days to permit the State to appeal, which it did.

## ANALYSIS

The State argues the trial court had discretion to forfeit the cash bail and asks this court to remand with instructions for the trial court to exercise its discretion.

*Standard of review*

The decision whether to forfeit bail is reviewed for an abuse of discretion. *State v. Banuelos*, 91 Wn. App. 860, 861-62, 960 P.2d 952 (1998); *In re Marriage of Bralley*, 70 Wn. App. 646, 651, 855 P.2d 1174 (1993); *State v. Molina*, 8 Wn. App. 551, 552, 507 P.2d 909 (1973). "An abuse of discretion occurs only when the decision of the court is 'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'" *State v. McCormick*, 166 Wn.2d 689, 706, 213 P.3d 32 (2009) (quoting *State ex rel.*

5

*Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971)). A trial court's decision is based on untenable reasons when it is based on the wrong legal standard. *State v. Sisouvanh*, 175 Wn.2d 607, 623, 290 P.3d 942 (2012).

The State argues the trial court abused its discretion by misconstruing *Paul*. We agree and take this opportunity to clarify the law of cash bail.

> 1.    *Cash bail is forfeitable if the accused fails to appear or otherwise violates a condition of release*

At the outset, we note there is no constitutional or statutory authority governing forfeiture of cash bail. Article I, section 20 of the Washington State Constitution requires that all criminal defendants "be bailable by sufficient sureties." However, that provision only applies to bail posted by third parties, not cash bail posted by the defendant. *State v. Barton*, 181 Wn.2d 148, 156, 331 P.3d 50 (2014). *Barton* explains:

> "'The underlying legal theories behind *bail bonds* and *cash bail* are different; in bail bonds the law looks to the surety to guarantee the defendant's appearance, while in cash bail the law looks to the money already in the hands of the state to insure defendant's appearance.'"

*Id.* (quoting *Bralley*, 70 Wn. App. at 653 (quoting 8 C.J.S. *Bail* § 88, at 109 (1988)). In *Bralley*, we held that RCW 10.19.090, which governs forfeiture of bail bonds, does not apply to cash bail posted by the subject of the bail. *Bralley*, 70 Wn. App. at 654.

6

CrR 3.2(o), however, applies to cash bail; that rule provides:

> If the accused has been released on the accused's own recognizance, on bail, or has deposited money instead thereof, and does not appear when the accused's personal appearance is necessary or violated conditions of release, the court, in addition to the forfeiture of the recognizance, or of the money deposited, may direct the clerk to issue a bench warrant for the accused's arrest.

This provision authorizes a trial court to forfeit cash bail whenever an accused fails to appear in court or otherwise violates a condition of release. But it does not answer the questions presented here—whether forfeiture of cash bail is permitted after the accused reappears in court or after entry of judgment and sentence.

> 2. *Cash bail is forfeitable even after the accused appears back in court and even after entry of judgment and sentence*

In *Paul*, Anita Paul was convicted of first degree theft of public assistance and ordered to pay restitution. *Paul*, 95 Wn. App. at 776. She failed to make payments, and she was arrested and charged with failure to make restitution payments and failing to report to her community corrections officer. *Id.* at 776-77. The trial court set bail at $2,500, and her parents posted cash bail. *Id.* at 777. Proceedings continued, and Ms. Paul always appeared at the hearings. *Id.* Yet, because she had trouble making her restitution payments, the trial court forfeited the cash bail. *Id.* It stated, "'The bail is forfeited for restitution. I can forfeit it. It doesn't matter whose it is.'" *Id.*

We disagreed with the trial court and held that cash bail could not be forfeited when the accused has satisfied the bail conditions. *Id.* at 777-79. We explained, "If the [accused] does not appear, the cash bail is forfeited. If the [accused] is subsequently apprehended, the court has the discretion to vacate the bail for forfeiture or not." *Id.* at 778 (citing *Bralley*, 70 Wn. App. at 651). Using unartful language, we also explained, "When the accused appears, the conditions of the bail have been fulfilled, and the court must give the money back." *Id.* (citing *State v. Ransom*, 34 Wn. App. 819, 822-24, 664 P.2d 521 (1983)). Given our earlier explanation of cash bail and the fact that Ms. Paul had attended all of her court hearings, the preceding quote should not be construed as applying to accused persons who have missed one or more court hearings. Thus construed, *Paul* does not preclude the trial court from forfeiting Mr. Jeglum's cash bail.

In *Ransom*, Mr. Ransom posted $10,000 in cash bail in his pending first degree robbery case. *Ransom*, 34 Wn. App. at 820. Mr. Ransom's mother and brother supplied the funds. *Id.* Mr. Ransom appeared for trial and was found guilty. *Id.* The court sentenced Mr. Ransom to a term of not more than 10 years' imprisonment and remanded Mr. Ransom to the custody of the State. *Id.* The deputy prosecutor called for a deputy, but before one arrived, Mr. Ransom fled. *Id.* at 821. The trial court subsequently ordered forfeiture of the $10,000 cash bail. *Id.* We reversed the trial court's order. *Id.* at 825.

8

We held that the cash bail was exonerated once the trial court entered its judgment and sentence. *Id.* at 823-24. And because Mr. Ransom had complied with the conditions of his cash bail prior to its exoneration, the trial court lacked authority to forfeit it. *Id.* at 824-25.

*Paul* and *Ransom* are distinguishable from the case now before us. In those cases, the accused persons did not violate the conditions of their cash bail. Here, Mr. Jeglum did. Not only did Mr. Jeglum fail to appear for court hearings, he perpetrated a fraud on the court by affirmatively misrepresenting he was unable to attend court because of his medical condition.

Moreover, the State requested forfeiture of the cash bail before Mr. Jeglum was apprehended and returned, again prior to his plea, and again at the plea and sentence hearing. The trial court reserved ruling on the State's multiple requests mostly because it wished to give Mr. Jeglum an opportunity to rebut the State's factual and legal arguments. Were we to conclude that these multiple delays for Mr. Jeglum's benefit somehow deprived the trial court of its authority to forfeit cash bail, our conclusion would inequitably benefit a wrongdoer.

We conclude that the trial court had authority to forfeit Mr. Jeglum's cash bail even after he reappeared in court and even after entry of the judgment and sentence. The

9

No. 35841-1-III
*State v. Jeglum*

trial court misconstrued *Paul* and, in so doing, abused its discretion. We remand this matter to the trial court for it to exercise its discretion to determine whether to forfeit Mr. Jeglum's cash bail and, if so, the appropriate amount.

Reversed and remanded.

_____
Lawrence-Berrey, C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Pennell, J.

10